**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Henry BERNHARDT,
Defendant–Appellant.**

**No. 89–6323.**

United States Court of Appeals,
Tenth Circuit.

June 11, 1990.

Susan M. Otto, Asst. Federal Public Defender (William P. Earley, Asst. Federal Public Defender, on the brief), Oklahoma City, Okl., for defendant-appellant.

Robert E. Mydans, Asst. U.S. Atty. for the W.D. of Okl. (Timothy D. Leonard, U.S. Atty., and Leslie M. Kaestner, Asst. U.S. Atty., on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, BARRETT, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

This case involves a challenge to the district court's upward departure from the Sentencing Guidelines.

## I. Facts

On January 12, 1988, defendant deposited a forged check into his commercial bank account. As a result of defendant's withdrawals on this account, the bank lost $21,-106.28. Pursuant to a plea agreement, defendant pled guilty to bank fraud in violation of 18 U.S.C. § 1344.

Defendant's crime is covered by the United States Sentencing Guidelines. Under the Sentencing Guidelines, defendant had twenty-five criminal history points for a criminal history category of VI. Defendant's offense level was eight, resulting in a sentencing range of eighteen to twenty-four months. United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Pt. A (Nov. 1989). The district court determined that the Sentencing Guidelines did not adequately take into account defendant's long criminal history. Therefore, the district court departed from the guideline range of eighteen to twenty-four months and imposed the statutory maximum sentence of five years imprisonment. Defendant now appeals that departure.

## II. Procedures for the Review of Guideline Departures

*United States v. White*, 893 F.2d 276 (10th Cir.1990), outlines the procedures to be followed in this circuit when reviewing a sentencing guideline departure.

In the first step, we determine whether the circumstances cited by the district court justify a departure from the Guidelines.... In the second step, we review any underlying factual determinations made by the district court. Our standard of review in the first step is plenary. *See* 18 U.S.C. § 3553(b). In the second step, we review all factual determinations under the clearly erroneous standard. *See* 18 U.S.C. § 3742(e).

. . . .

The third and final step in our inquiry is a review of the district court's degree of departure from the Guidelines.... [W]e vacate a sentence outside the Guidelines if it is unreasonable.

*White,* 893 F.2d at 277–78.

### III. Review of Departure

**A.** *Circumstances Cited by the District Court*

■ The district court justified its departure in two different places in the record. At the sentencing hearing the court stated that:

I will make the record that I am satisfied that I have complied with 18 United States Code Section 3553, which requires that I consider the nature and circumstances of the offense and your history and characteristics. And I'm satisfied that the sentence I am imposing reflects the seriousness of the offense and will promote respect for the law and provides for just punishment and adequate defenses for the protection of the public.

I'm satisfied that you're a career criminal.... [Y]ou have been before Court's [sic] ... [t]welve different times.

... [T]here comes a point where we just have to protect society and no[t] worry about the individual.

. . . .

I don't think your criminal history is adequately reflected in the guidelines. And I'm going to depart upwards in your case.

It clearly doesn't take into consideration the fact that you are a career criminal. And that you have spent a lifetime defrauding people.

And as I said, I think society has a right to be protected from people like you.

Record, vol. 3, at 17–18.

In the district court's Statement of Reasons For Imposing Sentence filed September 19, 1989, the court again gave a brief description of its reasons for departing from the guidelines.

The Court finds that the following [aggravating or mitigating] circumstance exists that is of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that this circumstance should result in a sentence different from that described by the guidelines: The criminal history does not adequately reflect the seriousness of his past criminal conduct. The Sentencing Commission did not consider a criminal history of an individual as extensive as the defendant's when formulating the guidelines.

Record, vol. 1, doc. 14 at 2.

Thus, the district court adequately explained why departure was appropriate in this case. The district court found that the defendant's criminal history was not adequately reflected by the sentence range provided in the guidelines. The Sentencing Commission actually provided for departure in cases precisely like this case.

If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range....

A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes.... The court may, after a review of all the relevant information, conclude that the defendant's criminal history was significantly more serious than that of most

defendants in the same criminal history category, and therefore consider an upward departure from the guidelines....

... The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the guideline range for a defendant with a Category VI criminal history may be warranted.

U.S.S.G. § 4A1.3, p.s.

Although the Sentencing Commission explained that departures above criminal history category VI would only be occasional, we conclude that the district court's stated reasons for departure fit squarely within the Sentencing Commission's explicit comment that those reasons are appropriate grounds for departure. *Cf. White*, 893 F.2d at 280. Defendant's twenty-five criminal history points were substantially higher than the thirteen points needed to fall within criminal history category VI. Moreover, several of defendant's previous convictions were not counted in arriving at the twenty-five points. The district court repeatedly referred to defendant as a "career criminal." Although the district court was obviously not referring to the career criminal provisions of the guidelines, which require a prior violent crime or controlled substance offense, the district court was clearly aware that defendant had spent a lifetime in crime. In fact, the district court noted that defendant's crimes nearly all involved defrauding people, and that defendant's current offense involved defrauding a bank.

The Sentencing Commission did not give any details as to what facts would justify a finding that category VI does not adequately reflect defendant's criminal history. Nevertheless, we believe that the district court's explanation is sufficient to fall within the Sentencing Commission's policy statement. Thus, we hold that the district court's justification for departure is explicitly authorized by the Sentencing Commission.

## B. *The District Court's Factual Determinations*

We next review the district court's factual determinations under the clearly erroneous standard. Their is no dispute in this case that defendant has a lengthy criminal record. Thus, we conclude that the record amply supports the district court's factual determinations upon which it based its upward departure.

## C. *Reasonableness*

■ Because we hold that the departure in this case was justified and based on adequate factual findings, we must now determine whether the departure was reasonable. Aside from its acknowledgment that five years is the statutory maximum, the district court did not explain why it chose five years as the sentence in this case. Unfortunately, we have very few sources of guidance when analyzing upward departures from criminal history category VI. The Sentencing Commission suggested that upward departures based on criminal history usually should be guided by the possible sentences in higher criminal history categories. *See* U.S.S.G. § 4A1.3, p.s. However, there is no higher category than category VI—except the career criminal category. The career criminal category does not apply here because no violent offense or drug crime was involved.

Defendant suggests that we look to the next highest offense level for guidance in departing upward from criminal history category VI. We do not believe the Commission intended such a procedure. The Commission carefully explained the movement to a higher or lower criminal history category. However, no indication is ever given that movement between offense levels is appropriate when criminal history category VI is not adequate. In fact, defendant's position has been explicitly rejected by the Fifth Circuit.

The Guidelines ... instruct the court to move only between criminal history categories when it finds the applicable category inadequate. Guidelines § 4A1.1.

The factors relevant to offense levels are distinct from those pertinent to the criminal history categories. Each recommended range reflects the appropriate sentence for each combination of offense level and criminal history factors. Arbitrarily moving to a new offense level when the highest criminal history category proves inadequate would skew the balancing of factors which the Commission created in the Sentencing Table.

*United States v. Roberson*, 872 F.2d 597, 607–08 (5th Cir.1989).

Because the Sentencing Commission has provided no guidance for determining the reasonableness of upward departures from category VI, we must simply use our own judgment as to whether the sentence imposed is proportional to the crime committed, in light of the past criminal history. In this case, we hold that the sentence imposed stretches the proportionality concept to the limit. Obviously, the statutory maximum sentence sets the upper limit of a guideline departure. Our concern, however, is ameliorated by the fact that the district court ordered defendant's sentence served in the Oklahoma state prison where he will be serving a ten-year state sentence for bogus checks.* This will allow defendant to serve his federal and Oklahoma state sentences "concurrently." Thus, the actual amount of time that defendant's federal sentence will add to the time he would serve without it will be reduced well below the five years the court imposed.

Thus, we conclude that the sentence, seen in context, does not violate the Sentencing Guidelines' proportionality requirements. Defendant has been defrauding people nearly his entire adult life. The Sentencing Guidelines do not adequately reflect the seriousness of defendant's background, and departure is appropriate. Because of the consistently bad nature of defendant's criminal history and the similarity of his past crime to his present crime, we hold that the statutory maximum is a reasonable sentence in this case.

---

* Defendant is currently serving a ten-year sentence in Wisconsin. Defendant will begin serving his Oklahoma state sentence and his federal sentence when he is finished serving his Wisconsin state sentence.

### III. Conclusion

We hold that the district court was justified in departing from the Sentencing Guidelines. We also hold that the departure was supported by adequate factual findings and that the amount of departure was reasonable.

The decision of the district court is AFFIRMED.