UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph Marvin WHITEHEAD,
Defendant–Appellant.

No. 89–5185.

United States Court of Appeals,
Tenth Circuit.

Aug. 28, 1990.

David Booth, Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Susan K. Morgan, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with her, on the brief), Tulsa, Okl., for plaintiff-appellee.

Before McKAY and BALDOCK, Circuit Judges, and KANE, Senior District Judge [*].

KANE, Senior District Judge.

Defendant Joseph Whitehead appeals his sentence under the United States Sentencing Commission Guidelines (Guidelines). Whitehead pled guilty to one count of using a false social security number under 42 U.S.C. § 408(g)(2) and one count of processing five or more false identification documents under 18 U.S.C. § 1028(a)(3). He argues that the district court erred in (1) denying him a reduction for acceptance of responsibility, (2) computing the value of loss attributed to his criminal conduct, and (3) departing upward from the Guidelines range by imposing a sentence of seventy-

two months. We affirm as to Whitehead's first and third arguments, but reverse as to the second and remand for resentencing.

## I.  *Facts.*

Since Whitehead's appeal concerns the propriety of his sentence only, we briefly set forth the factual background of this case. Whitehead was indicted on three counts. Count one charged him with using a false social security number to open a bank account. In count two, he was charged with using a false social security number to rent a home. Count three charged him with knowingly possessing five false identification documents. Whitehead pled guilty to counts one and three in exchange for the dismissal of count two.

Whitehead's presentencing report was prepared and later amended by an officer for the probation department. Whitehead filed several objections to the report, and the court heard argument on these objections on September 28, 1989. Whitehead contended that he was entitled to a two-level reduction for acceptance of responsibility. He further argued that the loss occasioned by his criminal activities should be valued at $43,945.11, and not $234,945.11 as calculated in the presentence report. The larger figure included the full value of the home that Whitehead had rented with an option to purchase. The trial court rejected these arguments and sentenced Whitehead to 72 months imprisonment, departing from the Guidelines range of 41–51 months. Whitehead now appeals this sentence.

■ When reviewing a sentence under the Guidelines, we consider whether the sentence was imposed in violation of law, was imposed as a result of the incorrect application of the Guidelines, was outside the applicable Guidelines range and unreasonable, or was imposed for an offense for which there is no applicable guideline and is plainly unreasonable. 18 U.S.C. § 3742(e). We must give deference to the district court's assessment of the credibility

---

[*] Honorable John L. Kane, Jr., United States Senior District Judge for the District of Colorado, sitting by designation.

of witnesses and its application of the Guidelines to the facts, which we must accept unless clearly erroneous. *Id.* The court's legal conclusions, however, are subject to *de novo* review. *See United States v. Smith,* 888 F.2d 720, 723 (10th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

## II. *Acceptance of Responsibility.*

Whitehead's first argument is that the district court erroneously denied a two-step reduction of his offense level for acceptance of responsibility under Guidelines § 3E1.1. In the presentence report, the parole officer recommended against this reduction because "Whitehead's statements did not include any indication of sincere contrition as to the impact of his actions on the victims of his offense." In a memorandum to the court, the parole officer further clarified her position:

> Subsequent to Mr. Whitehead's last court appearance, this officer interviewed him regarding his objections to the presentence report. In reference his objection to the two-point reduction for acceptance of responsibility, Whitehead made a frank statement that, although it might hurt his position, he felt no remorse over cheating large businesses. He clarified that he did regret the impact of his actions in dealing with individuals who could not afford the loss. He cited one transaction during which he wrote an insufficient funds check to a man with a family during the purchase of a truck. After considering the impact, he returned to the man and attempted to convince him that the transaction should not occur.

> In this officer's opinion, the selective nature of Whitehead's values further substantiates the position taken by the probation office.

During the hearing on his objections to the presentence report, Whitehead testified on his own behalf to try to establish that he had, in fact, accepted responsibility for his crimes. He stated:

> Well, many times in the past year of my criminal problems I have stated to my wife and my family I wish I could just quit this today and go to work and start afresh, start all over.

> And as reference to what [the probation officer] stated, I did say that, yes, but in the context of—we all have to pay when large corporations get cheated, I also said that, and insurance companies, I said, so we all pay in some way. For that I feel bad. For the mom and pop companies that I would cheat I feel bad. For the individuals—I wouldn't cheat individuals, I wouldn't cheat small companies. As I stated when I pled guilty, I am guilty, and more than I can express in words I am sorry for what I have done not only to the merchants, the businessmen, but to the family that I have in this room and elsewhere.

Despite this testimony, the district court denied Whitehead the reduction for acceptance of responsibility because

> the defendant has not made a complete disclosure of all of his activities in reference to the various charges herein and the defendant has specifically stated that he has no sincere contrition or remorse insofar as the bigger companies or corporations that he defrauded are concerned. He's sorry he defrauded the little man, so to speak, but the big outfits are kind of fair game insofar as his remorse and contrition are concerned. So the Court thinks that it is not proper to deduct two points for acceptance of responsibility.

The Guidelines permit a two-level reduction in the defendant's offense level "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct," whether he is convicted after trial or based on a guilty plea. United States Sentencing Commission, *Guidelines Manual,* § 3E1.1 (Nov.1989) (hereinafter U.S.S.G.). As we recognized in *United States v. Rogers,* 899 F.2d 917, 924 (10th Cir.), *petition for cert. filed,* No. 89–78763 (Jun. 15, 1990), the defendant bears the burden of proof of establishing his entitlement to this reduction by a preponderance of the evidence. A guilty plea alone does not entitle the defendant to the reduction, and the Guidelines

list certain non-exclusive circumstances that may justify departure. U.S.S.G. § 3E1.1 comment. n. 1. The Guidelines further counsel that "the sentencing judge is in the unique position to evaluate a defendant's acceptance of responsibility. For this reason the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." *Id.* n. 5. Because of our deference to the trial court's assessment of credibility and the clearly erroneous standard we apply, the judgment of the district court on this issue is nearly always sustained. *See United States v. Trujillo,* 906 F.2d 1456, 1460 (10th Cir.1990).

▬ As foreshadowed above, we affirm the district court's judgment withholding the reduction for acceptance of responsibility. There was evidence before the court that, although Whitehead admitted to the commission of the crimes, he did not accept fully that his actions were morally and legally improper and failed to disclose to authorities the extent of his illegal activities. While we may not have reached the same conclusion, we will not second-guess the district court's assessment of Whitehead's credibility. There was adequate evidence to support the court's findings, particularly in light of Whitehead's burden of proof on this issue. Therefore, we affirm the court's denial of the reduction for acceptance of responsibility.[1]

### III. *Valuation of Loss.*

▬ Whitehead's second argument in this appeal is that the district court erred in finding that the loss as a result of his relevant criminal conduct was $234,945.11, thereby increasing his offense level from 6 to 13. Whitehead takes issue with the court's inclusion of $168,000 into this fig-

ure, representing the value of the home that he had rented with an option to purchase. The court included in this amount based on the presentencing report, in which the probation officer reasoned that Whitehead's rental of the home and purchase of the option using false documents was an attempt to buy the home itself. This conduct was the subject of the charge in count two of his indictment, which was dismissed before sentencing. Whether the district court correctly computed the loss attributable to Whitehead's criminal activities depends on whether the full value of the home, or just the value of the option itself, should be considered in the loss computation. This is a legal question that we review *de novo.*

Guidelines § 2F1.1 governs crimes involving fraud and deceit.[2] It begins with a base offense level of six which can be increased up to eleven levels depending on the dollar value of the loss involved in the criminal conduct. U.S.S.G. § 2F1.1(b)(1). The commentary advises that valuation of loss is discussed in Guidelines § 2B1.1 (relating to larceny, embezzlement and theft) and that

> if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss. For example, if the fraud consisted of attempting to sell $40,000 in worthless securities, or representing that a forged check for $40,000 was genuine, the "loss" would be treated as $40,000 for purposes of this guideline.

*Id.* comment n. 7. "Loss" is further defined in Guidelines § 2B1.1 as "the value of property taken, damaged, or destroyed." *Id.* § 2B1.1, comment. n. 2. In cases of partially completed conduct, loss is to be

---

1. It is important to note that, while the reduction for acceptance of responsibility should not be granted automatically upon the defendant's "mere[ ] mouthing of empty platitudes," *United States v. Royer,* 895 F.2d 28, 30 (1st Cir.1989), neither should the reduction be denied in every case in which the defendant accepts responsibility but does not appear to be contrite. The Guidelines reference "sincere contrition" only with respect to a defendant who does not plead

guilty and stands trial, but still manifests an acceptance of responsibility for his acts. *See* U.S.S.G. § 3E1.1, comment. n. 2.

2. Guidelines § 2F1.1(b)(1) was amended, effective November 1, 1989, to make the loss calculation table consistent with that for tax evasion crimes. We apply the version of this section in effect before the 1989 amendment.

determined with reference to Guidelines § 2X1.1, dealing with attempts.[3] *Id.*

We cannot accept the government's position that Whitehead's purchase of the option equates to an attempt to purchase the home itself and that the full amount of the home's value should be included in the loss computation. Whitehead obtained the lease on the home and an option to purchase the home by use of false identification. Whitehead could elect whether or not to exercise the option, and it was far from certain that he ever would have been successful in doing so or that the full value of the home would have been lost. We think that the correct approach is to include the value of the option only—established during the presentencing hearing at $2,000—and not the full value of the home. Accordingly, we reverse the district court's determination of loss and remand for resentencing using the correct valuation.

### IV. *Upward Departure.*

■ Whitehead's final argument in this appeal is that the district court erred in departing upward from the Guidelines range of forty-one to fifty-one months by imposing a sentence of seventy-two months based on his criminal history and lack of contrition. Our review of a sentencing court's upward departure from the Guidelines involves three steps. First, we determine *de novo* whether the circumstances cited by the district court justify the departure. Second, we review the underlying factual determinations leading to departure for clear error. In the third and final step, we address the degree of departure from the Guidelines to determine whether it is reasonable. *See United States v. White,* 893 F.2d 276, 277–78 (10th Cir.1990). We affirm the court's departure from the Guidelines range in this case.

The district court departed from the Guidelines range because of Whitehead's criminal history and, to a lesser extent, his lack of contrition for the crimes he committed. The court noted that Whitehead had seventeen prior convictions, all dealing with similar fraudulent conduct, putting him well above the requirement for criminal history category VI, the highest criminal history category. This, coupled with his lack of remorse for defrauding larger companies, provided the basis for the court's departure.

■ The Guidelines recognized that a defendant's criminal history can justify a departure when the criminal history category does not adequately reflect the seriousness of the defendant's criminal background or the likelihood he will commit further crimes. *See* U.S.S.G. § 4A1.3. We have permitted a departure under similar circumstances where the defendant had a history of defrauding the public and his criminal history points well exceeded the requirements for category VI. *See United States v. Bernhardt,* 905 F.2d 343 (10th Cir.1990). As for the court's partial reliance on Whitehead's lack of contrition, as evidenced by his statements that he felt no remorse for defrauding large companies, this should not normally be a factor justifying departure. Taken in context with its other statements regarding departure, however, the court's comment seemed more directed toward Whitehead's propensity to commit future crimes, a valid concern when considering departure. Therefore, we hold that there were adequate reasons to justify a departure from the Guidelines range.

Likewise, there is little question that the court's factual findings to support the decision to depart are not clearly erroneous. There is no material dispute as to the number of the defendant's prior convictions and, as addressed above, we uphold its finding as to the lack of contrition, especially as it relates to the defendant's likelihood to commit future crimes.

Finally, we consider the degree of departure. Here, the district court added twenty-one months to the Guidelines range. Like *Bernhardt,* we cannot follow the Guidelines recommendation that we be

---

**3.** This guideline provides little additional guidance on determining the value of loss. It simply states that "[i]n an attempted theft, the value of the items that the defendant attempted to steal would be considered." U.S.S.G. § 2X1.1, comment. n. 2.

guided by sentences in higher criminal history categories because there is no higher category than category VI. *See id.* at 345. Therefore, "we must simply use our own judgment as to whether the sentence imposed is proportional to the crime committed, in light of the past criminal history." *Id.* at 346. In *Bernhardt,* we noted that the court's departure from the Guidelines range of eighteen to twenty-four months to a sixty-month term "stretches the proportionality concept to the limit." *Id.* at 346. Here, the departure added twenty-one months to Whitehead's sentence, not thirty-six. We conclude that it was reasonable. Since we remand for a recalculation based on loss, however, the district court should make the appropriate adjustments to Whitehead's sentence in light of the anticipated reduction in his offense level.

The decision of the district court is AFFIRMED in part, REVERSED in part, and the case is remanded for resentencing in accordance herewith.