936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Alan SMITH, Defendant-Appellant,
 No. 90-5128.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Smith appeals from the sentence imposed by the district court following his plea of guilty on counts of possession with intent to distribute methamphetamine, maintenance of premises for the purpose of distributing controlled substances, possession of a firearm during a drug trafficking crime, and other firearm offenses. He argues that the government's evidence was insufficient for the district court to conclude upon sentencing that he distributed thirty-six ounces of methamphetamine, and that the district court erred in not reducing his sentence for acceptance of responsibility. We disagree and affirm the district court on both grounds.
 
 
 3
 The district court calculated the appropriate guideline range based on several sources of information concerning the quantity of methamphetamine distributed by Mr. Smith. Officer Paul Williams, who performed the search of Mr. Smith's business, testified that he and a confidential informant purchased methamphetamine from Mr. Smith sometime prior to the issuance of the search warrant. Officer Williams also testified that he had two other confidential sources who provided him with information on the sale of methamphetamine from Mr. Smith's business. Also, Officer Williams testified that during the two-hour warrant search of Mr. Smith's business, the police answered many phone calls inquiring into the availability of methamphetamine. Based on this information, Officer Williams estimated that Mr. Smith was selling approximately three ounces of methamphetamine per week for at least the three-month period Mr. Smith was under investigation. The only conflicting testimony offered was Mr. Smith's own denial of the amount of methamphetamine he sold. He testified that he had sold only three and one half grams, not ounces, per week, which would mean that he sold under two ounces of methamphetamine during the three-month investigation. The only support for this estimate was his own recollection.
 
 
 4
 We will uphold the finding of facts by the district court in sentencing unless they are found to be clearly erroneous. United States v. Beaulieu, 900 F.2d 1531, 1535 (10th Cir.), cert. denied, 110 S.Ct. 3252 (1990). Mr. Smith was not charged with distributing a particular amount of methamphetamine. Therefore, the district court properly estimated the amount distributed based on a preponderance of the evidence. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied, --- S.Ct. ----, 1991 WL 72541 (1991). The district court may consider amounts estimated in the presentence report, although not specified in the indictment. United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir.), cert. denied, 110 S.Ct. 2629 (1990). In addition, for sentencing purposes, the district court may consider amounts not charged in the indictment, but proven by a preponderance of the evidence to be "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. Sec. 1B1.3(a)(2).
 
 
 5
 In the present case, the district court simply found the preponderance of the evidence submitted by the parties pointed to Mr. Smith having distributed thirty-six ounces over the period of the three-month investigation. This conclusion was reached by weighing Mr. Smith's testimony about his own activities against the information provided by Officer Williams. We find no abuse of discretion in arriving at what seems to be a reasonable estimate of the amount of methamphetamine distributed by Mr. Smith.
 
 
 6
 Mr. Smith next claims that the district court erred in denying him a two-point reduction in his sentence for acceptance of responsibility under Guidelines Sec. 3E1.1. The defendant bears the burden of proof at sentencing of establishing acceptance of responsibility. United States v. Whitehead, 912 F.2d 448, 450 (10th Cir.1990). Note five of the commentary to Sec. 3E1.1 states that the sentencing judge "is in a unique position to evaluate a defendant's acceptance of responsibility," and therefore is "entitled to great deference on review." See also United States v. Johnson, 911 F.2d 1394, 1402 (10th Cir.1990) (appellate review of a district court's findings on acceptance of responsibility "must be highly deferential"), cert. denied, 111 S.Ct. 761 (1991).
 
 
 7
 Note one of the commentary to Sec. 3E1.1 lists as appropriate considerations for determining acceptance of responsibility:
 
 
 8
 (d) voluntary surrender to authorities promptly after commission of the offense;
 
 
 9
 (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
 
 
 10
 ....
 
 
 11
 (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.
 
 
 12
 Mr. Smith does not dispute that he attempted to hide himself and the methamphetamine when the police arrived at his business to execute the search warrant in September 1989. Nor does he dispute that he refused to come out of hiding when spotted by the police, forcing them to drag him out from underneath a car to conduct the search. There are also allusions by the district court in its discussion of acceptance of responsibility during the sentencing hearing to other actions by Mr. Smith that undermine his argument. The district court discussed this issue at some length and concluded Mr. Smith had not accepted responsibility for his crime. Comparing Mr. Smith's behavior with the considerations listed in the commentary to Sec. 3E1.1, we find the district court did not abuse its discretion in concluding Mr. Smith had not accepted responsibility for his actions.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3