982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Murlynn D. OTT, Defendant-Appellant.
 No. 92-3075.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, Appellant Murlynn Ott seeks habeas corpus relief from a federal sentence pursuant to 28 U.S.C. § 2255. On June 6, 1990, Ott pleaded guilty to a violation of 18 U.S.C. § 1466(a) and (b), which prohibits selling or transferring obscene matter and receiving or possessing obscene matter with the intent to distribute. The district court sentenced him to thirty months imprisonment on the same day. Ott did not file a direct appeal from his conviction or sentence.[1]
 
 
 2
 On November 4, 1991, Ott brought this collateral attack on his sentence pursuant to § 2255, contending that the sentencing court erred in computing his offense level. First, Ott alleges that the sentencing court erred both in increasing his offense level by two points pursuant to United States Sentencing Guideline § 3B1.1(c) for his leadership role in the offense and in failing to conduct an evidentiary hearing on this issue. Second, Ott asserts that the sentencing court erred both in refusing to reduce his offense level by two points under Sentencing Guideline § 3E1.1 for acceptance of responsibility and in failing to grant an evidentiary hearing on this issue. We find no error, and accordingly, we affirm the district court's denial of his habeas petition.
 
 I. LEADERSHIP ROLE
 
 3
 Ott contends that the evidence was insufficient to support the sentencing court's decision to add two points to his offense level for his leadership role in a criminal activity under U.S.S.G. § 3B1.1(c). He also asserts that the sentencing court erred in failing to conduct a hearing on this issue. We review under the clearly erroneous standard the sufficiency of the evidence supporting a sentencing court's decision to enhance a defendant's offense level under U.S.S.G. 3B1.1(c). United States v. Morgan, 936 F.2d 1561, 1573 (10th Cir.1991) (citations omitted), cert. denied, --- U.S. ----, 112 S.Ct. 1190 (1992). Thus, we will not reverse the district court unless the court's finding was without factual support in the record, or if, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been made. United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.1990), cert. denied, --- U.S. ----, 110 S.Ct. 3302 (1990).
 
 
 4
 We cannot say that the sentencing court's decision to increase the defendant's offense level under § 3B1.1(c) was clearly erroneous. Section 3B1.1(c) permits a two-point increase in the defendant's offense level if the defendant was a supervisor of a criminal activity.[2] A defendant may be deemed a supervisor for purposes of U.S.S.G. § 3B1.1(c) upon a showing that the defendant exercised any degree of direction or control over a subordinate in the criminal scheme. Morgan, 936 F.2d at 1574 (citing United States v. Backas, 901 F.2d 1528, 1530 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 190 (1990)).
 
 
 5
 In the present case, the evidence is sufficient to show that Ott was a supervisor. The district court adopted as its findings the results of the United States Probation Officer's review of the obscene materials seized from Ott's business and residence as set forth in Ott's Presentence Report. One of the tapes seized from the defendant shows him directing the production of an obscene film. In the tape, Ott directs the action of the participants. We hold that the evidence is sufficient to support the sentencing court's finding that the defendant was a "supervisor" under § 3B1.1(c).
 
 
 6
 We reject Ott's contention that his actions in directing the obscene film may not be considered in determining whether he was a supervisor of criminal activity in violation of 18 U.S.C. § 1466. Ott correctly points out that, at the time he was sentenced, Tenth Circuit precedent required the sentencing court to focus on Ott's role in the offense rather than other relevant criminal conduct in making the leadership role determination under U.S.S.G. § 3B1.1(c). See United States v. Petit, 903 F.2d 1336, 1341 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 197 (1990).[3] However, we believe that, under the facts of this case, Ott's actions in producing the obscene film constitute part of the offense of possessing obscene materials with intent to distribute under § 1466. While producing the tape, Ott simultaneously possessed it. The possession and the production cannot be separated. Thus, Ott necessarily possessed the tapes in violation of § 1466(a) during the time he created them.
 
 
 7
 We also reject Ott's claim that he cannot be a supervisor under U.S.S.G. § 3B1.1(c) because the "participants" in the film, his common-law wife, Ms. Penfield, and a woman named Judy, are not criminally liable for a violation of § 1466. Ott correctly points out that to impose a leadership enhancement on a defendant, the Guidelines require that the defendant have directed a "participant" who is criminally responsible for the offense. U.S.S.G. § 3B1.1(c), comment n. 1. However, Ott bases his argument on the faulty premise that Ms. Penfield and Judy are not criminally liable for the § 1466 offense. By virtue of their participation in the production of the films, both women could have been charged with aiding and abetting Ott in possession of obscene material with intent to distribute under 18 U.S.C. § 2 and § 1466. We therefore hold that the district court did not err in adding two points to Ott's offense level for his supervisory role in the offense.
 
 
 8
 Nor did the district court err in failing to hold an evidentiary hearing as to whether the defendant was a supervisor of criminal activity. In arriving at the appropriate sentence within the Guideline standards, the judge may use any reliable source of information. United States v. Beaulieu, 893 F.2d 1177, 1180 (10th Cir.1990), cert. denied, --- U.S. ----, 110 S.Ct. 3302 (1990). When there is a reason to question the reliability of the information made available to the judge, the Guidelines permit the district court to conduct an evidentiary hearing. Id. (citing commentary to U.S.S.G. § 6A1.3). The Guidelines only require a hearing when necessary to resolve disputed sentencing factors. See U.S.S.G. § 6A1.3(b). Nothing in the Guidelines requires a sentencing court to conduct an evidentiary hearing where, as here, the defendant did not contest at the sentencing hearing the factual accuracy of the information considered.[4] We therefore hold that the sentencing court did not err in refusing to conduct an evidentiary hearing as to whether Ott was a "supervisor" within the meaning of § 3B1.1(c).
 
 II. ACCEPTANCE OF RESPONSIBILITY
 
 9
 We review under the clearly erroneous standard the sentencing court's determination that Ott was not entitled to a two-point reduction in his offense level for acceptance of responsibility. United States v. Ross, 920 F.2d 1530, 1537 (10th Cir.1990); United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990). The trial court's determination of whether a defendant has accepted responsibility is subject to great deference on review and should not be disturbed unless it is without foundation. Spedalieri, 910 F.2d at 712 (citing U.S.S.G. § 3E1.1, comment n. 5). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to the reduction for acceptance of responsibility. United States v. Whitehead, 912 F.2d 448, 450 (10th Cir.1990). Moreover, the Sentencing Guidelines note that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility and that the determination of the sentencing judge is therefore entitled to great deference on review and should not be disturbed unless it is without foundation. Id. at 451 (citing U.S.S.G. § 3E1.1 comment n. 5). Given our deference to the trial court's assessment of credibility and the applicability of the clearly erroneous standard, the judgement of the sentencing court on this issue is nearly always sustained. Id. (citing United States v. Trujillo, 906 F.2d 1456, 1460 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 396 (1990).
 
 
 10
 Applying this standard, we cannot say that the district court erred in refusing to reduce Ott's offense level by two points for acceptance of responsibility. Section 3E1.1 provides for the reduction as follows:
 
 
 11
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 
 
 12
 (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
 
 
 13
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
 
 
 14
 The record clearly supports the district court's conclusion that Ott has not accepted responsibility for the crime. While it is true that Ott pleaded guilty to the crime, a guilty plea alone does not entitle the defendant to the reduction. Whitehead, 912 F.2d at 450-51. The application notes to the Guidelines point out that although a guilty plea combined with a truthful admission of involvement in the offense constitute significant evidence of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. 3E1.1, comment n. 3. Ott's conduct has been inconsistent with an acceptance of responsibility. The Presentence Report indicates that Ott stated that he did not feel he was guilty of the offense and that he only pleaded guilty at the urging of defense counsel because it was the easiest way to escape the more serious crimes he was charged with in the original indictment, which was superseded by the indictment charging only the § 1466 obscenity violation. Ott also blamed his former common-law spouse, Ms. Penfield, for his involvement in the criminal activities for which he was indicted.[5] Because the appellant blamed his attorney and his common-law wife for his criminal actions, we hold that the sentencing court did not err in refusing to grant him a two-level reduction for acceptance of responsibility.
 
 
 15
 Nor do we believe the district court erred in failing to hold an evidentiary hearing on the issue of whether Ott accepted responsibility. As we noted earlier in this opinion, Ott did not object to the factual accuracy of the Presentence Report at trial. Because there was no question as to the reliability of the report, we hold the sentencing court properly relied on it in refusing to reduce Ott's offense level for acceptance of responsibility.
 
 III. CONCLUSION
 
 16
 We do not find the sentencing court's decision to increase Ott's offense level by two points for his leadership role in the offense to be clearly erroneous. Nor do we find to be clearly erroneous the sentencing court's refusal to reduce Ott's offense level by two points for acceptance of responsibility. We hold the sentencing court's failure to hold an evidentiary hearing on these issues was not error. We therefore AFFIRM the district court's denial of the appellant's motion for a corrected sentence under § 2255.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that Ott's failure to take a direct appeal from his sentence potentially raises problems under United States v. Frady, 456 U.S. 152 (1982). In Frady, the Supreme Court held that in order to raise an issue for the first time in a § 2255 motion, the convicted defendant must show cause and actual prejudice. Id. at 167. However, we need not address this issue because the government failed to raise it either below or on this appeal. Although we have the discretion to raise the issue sua sponte, here we choose not to do so. See Hines v. United States, 971 F.2d 506, 509 (10th Cir.1992)
 2 U.S.S.G. § 3B1.1 provides:
 Based on the defendant's role in the offense, increase the offense level as follows:
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.
 
 
 [3]
 We note that in United States v. Saucedo, 950 F.2d 1508, 1513 (10th Cir.1991), we reconsidered en banc the Pettit rule in light of the November 1990 amendments to the Guideline commentary. After considering the amendments, we held unanimously that a sentencing court may consider relevant conduct other than that for which the defendant was convicted in making the § 3B1.1 determination. Saucedo, 950 F.2d at 1513 & n. 8. However, to avoid ex post facto problems, we will apply the Guidelines in effect at the time Ott was sentenced on June 6, 1990. See id. at 1513-16
 
 
 [4]
 Ott was afforded an opportunity to challenge any inaccuracies contained in the Presentence Report prior to sentencing. He did not allege any inaccuracies at that time, but merely challenged the legal conclusions derived from the facts alleged in the report
 
 
 [5]
 Ott continues to blame Ms. Penfield: in his Reply Brief for this appeal, he asserts that "because of the age difference [between the 32-year-old Ms. Penfield and the 60-year-old Ott] coupled with the psychological grip Ms. Penfield held on Appellant, he was unable to escape the enfluence [sic] responsible for his continued involvement in the offense."