1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Aaron Keith LOVETT, Defendant-Appellant.
 Nos. 92-6401, 93-6070.
 United States Court of Appeals, Tenth Circuit.
 July 26, 1993.
 
 Before BRORBY, BARRETT and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 In these consolidated appeals, Aaron Keith Lovett seeks review of the sentence imposed and forfeiture ordered following our remand in United States v. Lovett, 964 F.2d 1029 (10th Cir.1992). A brief summary of the relevant facts as set forth in Lovett will facilitate our review.
 
 
 2
 When Lovett was two years old, he lost contact with Rubylea Hall, his paternal grandmother. Lovett was reunited with Hall in 1985 and thereafter began visiting her regularly. By 1990, Hall had placed Lovett's name on some of her bank accounts, but she retained control of the accounts. In April, 1990, Hall gave Lovett control over $21,000.00 in a retirement fund. That same month, Hall learned that she had colon cancer and needed surgery.
 
 
 3
 Following surgery, Lovett insisted that Hall return to his home in Oklahoma to recuperate. While Hall was recuperating at Lovett's home, he withdrew approximately $316,000.00 from her Texas bank accounts. Lovett accomplished these withdrawals personally from the accounts on which Hall had previously made him co-owner and by utilizing letters signed by Hall directing the banks to close her accounts and release the money to him.
 
 
 4
 Lovett initially deposited the money withdrawn from Hall's accounts into two accounts in Oklahoma City. Thereafter, he transferred most of the money to six accounts in six different Oklahoma banks. Each of the accounts listed Lovett and his wife as the owners. Lovett made several large purchases with the money, including a home, a 1990 Suburban, a 1990 pickup truck, and a large gold and diamond ring.
 
 
 5
 In a thirty-five count indictment, Lovett was subsequently charged with interstate transportation of fraudulently obtained funds, monetary transactions in property derived from unlawful activity, and money laundering.
 
 
 6
 At trial, Hall, who was nearly blind and could not see or read anything that Lovett had asked her to sign, denied ever signing any documents allowing transfer of her funds. She testified that Lovett had her sign several documents which he had represented to be Medicare payments or other unimportant documents.
 
 
 7
 A jury convicted Lovett on nine counts of interstate transportation of fraudulently obtained funds, fifteen counts of monetary transactions in property derived from unlawful activity, and four counts of money laundering. Lovett was sentenced to 57 months imprisonment on each count, the sentences to be served concurrently. In addition, the jury ordered the forfeiture of the home, suburban, pickup truck and ring. A final order of forfeiture was entered in conjunction therewith. The court also ordered that Lovett make restitution to Hall in the amount of $58,691.84.
 
 
 8
 On appeal, this court (1) reversed the convictions on Counts 27 and 30, money laundering, and Counts 32 and 35, forfeiture; (2) vacated the convictions on Counts 3, 5, 6, and 10, interstate transportation of fraudulently obtained funds; (3) remanded for resentencing; and (4), "AFFIRMED [the judgment] in all other respects." Lovett, 964 F.2d at 1043.
 
 
 9
 During the resentencing hearing, counsel for the government and Lovett agreed that the sentencing range of 57 to 71 months imprisonment remained valid notwithstanding that the convictions on four counts had been reversed and the convictions on four counts had been vacated. However, Lovett argued that he was entitled to a downward adjustment for acceptance of responsibility and that the order of restitution should be modified in view of his inability to pay.
 
 
 10
 At the conclusion of the hearing, the court sentenced Lovett to 57 months imprisonment. The court denied Lovett's request for a downward adjustment based on acceptance of responsibility but granted his request that restitution not be required because of his inability to pay. By separate order, the court also found that the prior final order of forfeiture had not been modified by Lovett and that the 1990 Suburban remained forfeitable.
 
 
 11
 In these consolidated appeals, Lovett contends in No. 92-6041 that the court erred in refusing his request for downward adjustment for acceptance of responsibility and in exposing him to double jeopardy. In No. 93-6070, Lovett contends that the court erred in forfeiting the 1990 Suburban.
 
 No. 92-6041
 
 12
 The Assistant Federal Public Defender representing Lovett in this appeal has filed his appellate brief in accordance with Anders v. California, 386 U.S. 738, 744, reh'g. denied, 388 U.S. 924 (1967). ("If counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal").
 
 
 13
 a.
 
 
 14
 Lovett contends that he was entitled to a three level base offense reduction under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility. An acceptance of responsibility determination by a district court is a question of fact reviewable under the clearly erroneous standard. United States v. Chimal, 976 F.2d, 608, 613 (10th Cir.1992), cert. denied, --- U.S. ---- (1993), citing, United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990).
 
 
 15
 Lovett argues that the district court's denial of the downward adjustment was improper because it was based in part on his exercise of his constitutional right to trial. Lovett acknowledges that under United States v. Whitehead, 912 F.2d 448 (10th Cir.1990), the district court's discretionary determination relative to acceptance of responsibility should not be disturbed unless it is without foundation.
 
 
 16
 Quoting Chimal, the government responds that "[t]he burden of proof [vis a vis a reduction for acceptance of responsibility] is on the defendant and the quantum of proof is by a preponderance of the evidence." 976 F.2d at 613. Further, the government cites Whitehead, 912 F.2d at 451, for the rule that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility and, for that reason, the determination of the sentencing judge is entitled to great deference. The government contends that while Lovett alleges that the district court improperly denied him a reduction for acceptance of responsibility, he has failed to establish this proposition by a preponderance of the evidence. We agree.
 
 
 17
 There is nothing in the record on appeal indicating that the district court based its decision not to grant Lovett a reduction for acceptance of responsibility on his decision to proceed to trial. On the other hand, Lovett's testimony during the resentencing hearing establishes beyond argument that he was not entitled to a reduction for acceptance of responsibility:
 
 MR. LOVETT:
 
 18
 Defendant still don't agree with the money laundering under the statutes and was hoping the court could read between the lines. Defendant now wishes he would have testified to enlighten the court of what really happened. Defendant was hoping that at least the appellate court would have overturned it for me to get another trial, and I would have taken the stand then.
 
 
 19
 The Defendant was at the time and to this day is still willing to submit to a polygraph test which I never offered to prove my innocence. But it is the Defendant's opinion that justice would eventually prevail which it hasn't.
 
 
 20
 (R., Vol. II at p. 14).
 
 
 21
 Under these circumstances, we hold that the district court's determination that Lovett was not entitled to a reduction for acceptance of responsibility was not clearly erroneous.
 
 
 22
 b.
 
 
 23
 Lovett contends that the district court improperly exposed him to double jeopardy for the same offense by enhancing his sentence pursuant to U.S.S.G. Sec. 4A1.2(e)(1) for a 1976 conviction. Under Sec. 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted" in computing the defendant's criminal history.
 
 
 24
 Lovett does not dispute the fact that the instant offense occurred within fifteen years of his prior conviction for possession of marijuana or that this court has approved the use of prior convictions for enhancements to offense levels and criminal history scores under the guidelines. Rather, Lovett argues that we should reconsider our position in this regard and reverse the district court's use of the prior drug conviction to increase his criminal history score and punishment. This we decline to do. See United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir.1993) (no double jeopardy violation where sentencing judge considered conduct in the count upon which defendant was acquitted); United States v. Alessandroni, 982 F.2d 419, 421 (10th Cir.1992) ("[b]ecause the conduct leading to the earlier conviction was not the same conduct that led to the instant conviction, the district court properly included the conviction for the earlier conduct in the criminal history category"); United States v. Johnson, 911 F.2d 1394, 1400-02 (10th Cir.1990), cert. denied, 498 U.S. 1050 (1991) (no double jeopardy violation where there was no separate punishment for the acquitted crime, only an enhancement of the sentence of the convicted crime).
 
 No. 93-6070
 
 25
 Lovett contends that the district court erred in forfeiting the 1990 GMC Suburban following our reversal and remand.
 
 
 26
 In Lovett, we reversed Lovett's convictions on Count 27, the money laundering count relating to the purchase of the Suburban, and Count 32, the forfeiture count relating to Count 27. We remanded for resentencing. During the course of the resentencing, the district court granted the government's application for forfeiture of the Suburban on the theory that the Suburban was forfeitable under Count 31. Lovett acknowledges that "[w]hile the district court is correct in that it gave instructions regarding count 31 ... the jury did not make any specific finding of fact or verdict as to count 31." (Appellant's Brief at 4). Lovett contends that the court erred in ordering the forfeiture in the absence of any specific findings or verdict as to Count 31.
 
 
 27
 The government responds that notwithstanding the reversal of Count 27, the jury's forfeiture verdict is supported by Lovett's convictions on Counts 11 and 13, monetary transactions in property derived from unlawful activity, and Count 31, the general forfeiture count, all three of which were affirmed in Lovett. The government argues, citing Griffin v. United States, --- U.S. ----, 112 S.Ct. 466 (1991), that where there are multiple grounds for a conviction, the conviction will stand notwithstanding the fact that one ground is not supported by adequate evidence.
 
 
 28
 Following our remand, the district court addressed this issue in a separate order:
 
 
 29
 The Court finds that the forfeiture of properties in this action has been specifically affirmed except as to the forfeiture of the 1990 GMC Suburban vehicle. The forfeiture of this vehicle under Count 32 of the Indictment was reversed based upon the reversal of Aaron Keith Lovett's conviction under Count 27 of the Indictment. Nonetheless, the Court finds this vehicle is also subject to forfeiture under Count 31 of the Indictment. The forfeiture instructions given to the jury in the trial of Aaron Keith Lovett specifically stated that the vehicle was subject to forfeiture under Count 31. In addition, the special verdict form stated that the vehicle could be traced to Counts other than Count 27. Neither Count 31 nor the substantive offenses on which Count 31 was predicated, Counts 11 through 26, were reversed by the Tenth Circuit Court of Appeals. Therefore, the Court concludes that the 1990 GMC Suburban vehicle remains forfeitable under 18 U.S.C. Sec. 982 which permits properties to be forfeited upon conviction under 18 U.S.C. Sec. 1957.
 
 
 30
 The Court thus finds that the Final Order of Forfeiture entered on September 19, 1991, has not been modified by the Tenth Circuit Court of Appeals.
 
 
 31
 (R., Vol. I, Tab 259 at pp. 1-2).
 
 
 32
 Following the return of the jury verdicts on the substantive counts, the district court gave forfeiture instructions and asked the jury to return a special verdict form relative to the forfeitability of Lovett's property. As it relates to the 1990 GMC Suburban, the special verdict form stated it was "Involved in Count 27" but that it "May also be traced from other counts." Lovett did not object to the forfeiture instructions or to the special verdict form. Under these circumstances, the plain error rule applies. Fed.R.Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court"). In United States v. Robinson, 978 F.2d 1554, 1561 (10th Cir.1992), cert. denied, --- U.S. ---- (1993), this court observed that "It has long been the rule that a specific objection to the instructions actually given must be made to preserve any alleged error. Fed.R.Crim.P. 30; United States v. Fountain, 642 F.2d 1083, 1095 (7th Cir.), cert. denied, 451 U.S. 993 ... (1981). 'When no objection on this point was made to the court's final instructions, this court will only reverse in the face of plain error.' Bridwell, 583 F.2d at 1140." See also, United States v. Simmonds, 931 F.2d 685, 687 (10th Cir.1991), cert. denied, --- U.S. ---- (1991). Plain error is error so obvious that it seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Devous, 764 F.2d 1349, 1353 (10th Cir.1985). No plain error occurred here.
 
 
 33
 We hold that the court did not err in ordering the forfeiture. Although we reversed Lovett's convictions on Counts 27 and 32, and vacated his convictions on four other counts, we did not reverse or vacate his convictions on Counts 11, 13, and 31. We thereafter specifically "AFFIRMED [the judgment in all other respects." Lovett, 964 F.2d at 1043. Although Lovett contends that "[t]he jury made no verdict or produced no findings as to counts 31-35," (Appellant's Brief at 5), we are bound by our prior determination that "[i]n addition, the jury ordered the forfeiture of the items of property described in Counts 31-35 pursuant to 18 U.S.C. Sec. 982." Lovett, 964 F.2d at 1031.
 
 
 34
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3