ACKERMAN, District Judge,
concurring in the judgment:
I agree with the majority’s conclusion that the check-kiting scheme involved in this ease is more akin to theft than to loan fraud. I also believe that this distinction makes Kopp inapplicable.
I must part company, however, with the majority’s treatment of Kopp. According to the majority, the rule we announced in Kopp — that the amount of the loss is the actual loss estimated at the time of sentencing (unless the intended loss is higher) — only applies to fraudulently obtained loans secured by collateral. In its view, Kopp is distinguishable from the instant case in large part because Shaffer did not fraudulently obtain a loan that was secured by collateral.
The fact of collateral, however, is peripheral to our analysis in Kopp. Rather, Kopp focuses on distinguishing between the various levels of culpability involved in different types of fraud. Specifically, when a fraud consists solely of misrepresentations designed to secure a contract, but the defendant has no intention of reneging on the contract, that fraud must be treated differently from a garden-variety fraud case. The latter often is indistinguishable from theft; the former is not. As we said in Kopp itself, “some fraud involves an intent to walk away with the full amount fraudulently obtained, while other fraud is committed to obtain a contract the fraud perpetrator intends to perform.” Kopp, 951 F.2d at 529. In holding as we did, we recognized the irrationality of “applying] the same sentence against a performing contractor who lied on its application as against ‘a con artist who intended to winkle $142,400 ... from a senile old lady.’ ” Id. at 532 (citing United States v. Schneider, 930 F.2d 555, 559 (7th Cir.1991)). This also is the principle articulated by the cases we relied on in Kopp. See Schneider, 930 F.2d 555 (when defendants fraudulently procured government contracts but fully intended to perform the contracts, court declined to compute the loss as the face amount of contracts obtained); United States v. Whitehead, 912 F.2d 448 (10th Cir.1990) (when defendant presented fraudulent documents to obtain an option to purchase a home, court declined to value the loss as the value of the home); United States v. Hughes, 775 F.Supp. 348 (E.D.Cal.1991) (when defendant conspired to present false loan applications to buy three homes but had no intention of defaulting on the loans, and in fact paid back two of the loans involved, court declined to compute loss as value of homes).
I respectfully suggest that the majority misses this distinction by focusing on collateral. Kopp is inapplicable to this case not because Shaffer’s “loan” was unsecured, but because Shaffer’s check-kiting scheme simply is not analogous to the crime of “a performing contractor who lied on its application.” Check-kiting is more akin to theft. For that reason, the case falls outside the scope of Kopp, and I join my colleagues in vacating Shaffer’s sentence and remanding the matter for resentencing.