**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Willie WILLIAMS,
Defendant–Appellant.**

**No. 94–3157.**

United States Court of Appeals,
Tenth Circuit.

March 17, 1995.

Robin D. Fowler, Asst. U.S. Atty. (Randall K. Rathbun, U.S. Atty. and Gregory G. Hough, Asst. U.S. Atty., with him on brief), Topeka, KS, for plaintiff-appellee.

Stephen W. Kessler, Topeka, KS, for defendant-appellant.

Before EBEL and KELLY, Circuit Judges, and COOK, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Mr. Williams appeals from a thirty-three month sentence imposed following his conviction for transporting stolen jewelry. He contends that the district court erred in calculating his offense level. The district court considered the value of the "loss" under U.S.S.G.

---

[†] The Honorable H. Dale Cook, Senior United States District Judge for the Northern District of    Oklahoma, sitting by designation.

§ 2B1.1 to be $125,000, the retail price of the stolen jewelry. Mr. Williams suggests that the wholesale value, as opposed to the retail value, should have been used. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

### Background

Mr. Williams, was charged with transporting approximately $125,000 worth of jewelry from Topeka, Kansas to Kansas City, Missouri in violation of 18 U.S.C. § 2314. The jewelry had been stolen from a Zales Jewelry Store in Topeka, Kansas. After the robbery, the store gave law enforcement personnel a list of the stolen items and their approximate retail worth based upon a daily inventory.

Mr. Williams contended that the court should have assessed the loss under U.S.S.G. § 2B1.1 to be $32,701, the jewelry's wholesale value, and the amount of ordered restitution, rather than $125,000, its retail value. Had the court considered the loss to be $32,701, the total offense level would have been less.

### Discussion

 We review de novo conclusions of law, including a district court's determination of what may be properly considered in assessing "loss" under the Guidelines. *United States v. Levine*, 970 F.2d 681, 690 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 289, 121 L.Ed.2d 214 (1992). We accept the district court's application of the Guidelines to the facts, unless clearly erroneous. *United States v. Whitehead*, 912 F.2d 448, 450 (10th Cir.1990).

"Loss" is defined by U.S.S.G. § 2B1.1 as "the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B1.1, comment. (n.2). The statutory test for determining "value" for purposes of an offense charged by 18 U.S.C. § 2314 is furnished by the definition of 18 U.S.C. § 2311. Here, " 'value' means the face, par, or market value, whichever is the greatest...." 18 U.S.C. § 2311. Since neither face nor par value apply, the issue at hand is the "market value" of the stolen jewelry.

 The general test for determining the market value of stolen property is the price a willing buyer would pay a willing seller at the time and place the property was stolen. *Cf. United States v. Cummings*, 798 F.2d 413, 416 (10th Cir.1986). "When merchandise is stolen from a merchant, market value is the sales price the merchant would have obtained for the merchandise." *Id.*

 In this case, the trial court correctly determined the value to be the retail price of the jewelry. The jewelry was stolen from a retail establishment, not from a wholesaler. At the time and place of the theft, the value of the goods was $125,000.00. Hence, this is the amount of the "loss" for purposes of calculating Mr. William's sentence under U.S.S.G. § 2B1.1.

AFFIRMED.