**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory J. WHITE, Defendant–Appellant.**

**No. 89–3003.**

United States Court of Appeals, Tenth Circuit.

Jan. 8, 1990.

---

Michael L. Harris, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), Kansas City, Kan., for defendant-appellant Gregory White.

Benjamin L. Burgess, Jr., U.S. Atty. (Julie A. Robinson, Asst. U.S. Atty., with him on the brief), for plaintiff-appellee.

Before LOGAN, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

On October 17, 1988, appellant Gregory White pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(a). At the sentencing hearing, the judge departed upward from the sentence indicated by the United States Sentencing Commission Guidelines ("Guidelines") and imposed a term of 46 months imprisonment. White appeals arguing that the upward departure was both unreasonable and clearly erroneous. We affirm.

I.

We are persuaded by the First Circuit that the review of a sentencing court's upward departure from the Guidelines involves three steps. *See United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *see also United States v. Joan*, 883 F.2d 491, 494–96 (6th Cir.1989).

In the first step, we determine whether the circumstances cited by the district court justify a departure from the Guidelines. The sentencing court may depart from the Guidelines only if it "finds that there exists an aggravating or mitigating

circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). In the second step, we review any underlying factual determinations made by the district court. Our standard of review in the first step is plenary. *See* 18 U.S.C. § 3553(b). In the second step, we review all factual determinations under the clearly erroneous standard. *See* 18 U.S.C. § 3742(e).

In the first step, we must ascertain what circumstances the Commission has adequately considered. The sentencing court should "treat each guideline as carrying out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." United States Sentencing Commission, *Guidelines Manual*, Ch.1, Pt.A, intro. comment, at 1.6 (Nov.1989) [hereinafter U.S.S.G.]. Thus, in reviewing the upward departure of the sentencing court, we must determine whether the circumstances cited by the district court, either in kind or degree, are sufficiently "unusual" to warrant departure. *See Diaz–Villafane*, 874 F.2d at 49.

Of course, if the district court does not explicitly set forth the considerations that motivate its decision to depart upward from the Guidelines, we will not speculate as to what those considerations may have been. Section 3553(c)(2) mandates that the district court explicitly state its reason for departing from the Guidelines and we must vacate the sentence if the district court fails to do so. *See* 18 U.S.C. § 3553(c)(2); *United States v. Smith*, 888 F.2d 720, 724 (10th Cir.1989).

In step two, we ascertain whether the circumstances cited by the district court to justify departure actually exist in the instant case. We search only for a sufficient factual basis to justify departure. These findings of fact will be overturned only if they are clearly erroneous. *See* 18 U.S.C. § 3742(e).

Steps one and two, taken together, constitute our review of the district court's decision to depart from the Guidelines. If the circumstances cited by the court are a proper justification for departure under the Guidelines, and if there is a factual basis for the cited circumstances in the instant case, the decision to depart falls within the statutory authorization for departures and is, therefore, valid. *See Diaz–Villafane*, 874 F.2d at 49; 18 U.S.C. § 3553(b).

The third and final step in our inquiry is a review of the district court's degree of departure from the Guidelines. To determine the applicable standard of review, we look to section 3742(e)(3), which mandates that we vacate a sentence outside the Guidelines if it is unreasonable. *See* 18 U.S.C. § 3742(e)(3). Thus, even if the decision to depart is valid under the authorization of section 3553(b), the sentence still will be vacated if the degree of departure is unreasonable. *See Diaz–Villafane*, 874 F.2d at 49; *Joan*, 883 F.2d at 495–96.

To determine whether the degree of departure is reasonable, we must consider the district court's proffered justifications as well as such factors as: the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3742(e)(3); 18 U.S.C. § 3553(a).

We also look to the Guidelines themselves for direction in applying this reasonableness determination. Although the Guidelines were enacted to eliminate the uncertainties and disparities in the former sentencing system in which judges had great discretion, *see Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 651, 102 L.Ed.2d 714 (1989); *Smith*, 888 F.2d at 724, Congress still envisioned that the Guidelines would leave considerable discretion in the hands of the sentencing judge, *see* S.Rep. No. 225, 98th Cong.2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad-

min.News 3182, 3235 (cited in *Diaz–Villa-fane,* 874 F.2d at 52) (purpose of Guidelines "is to provide a structure for evaluating the fairness and appropriateness of the sentence for an individual offender, not to eliminate the thoughtful imposition of individualized sentences"). The Guidelines clearly provide that "the controlling decision as to whether *and to what extent* departure is warranted can only be made by the court at the time of sentencing." U.S.S.G. § 5K2.0, policy statement (emphasis added). This retention of considerable discretion at the district court level is a product, in part, of:

> the difficulty of foreseeing and capturing a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing decision. The Commission also recognizes that in the initial set of guidelines it need not do so. The Commission is a permanent body, empowered by law to write and rewrite guidelines, with progressive changes, over many years. By monitoring when courts depart from the guidelines and by analyzing their stated reasons for doing so, the Commission, over time, will be able to create more accurate guidelines that specify precisely where departures should and should not be permitted.

U.S.S.G. Ch.1, Pt.A, intro. comment, at 1.6. We conclude that especially at this early stage in the development of the Guidelines, we should not lightly overturn determinations of the appropriate degree of departure. *See Diaz–Villafane,* 874 F.2d at 50. With these considerations in mind, we apply the three part test to the particular allegations in this appeal.

## II.

■ We first review de novo whether the circumstances cited by the district court justify a departure from the Guidelines. The sentencing judge based his departure in this case on his belief that White's criminal history category score, as calculated under the Guidelines, underrepresented the seriousness of his criminal history.

White committed forgery on October 5, 1987. On May 26, 1988, he robbed a convenience store and a bank. He pleaded guilty to the forgery and aggravated robbery of the convenience store on July 13, 1988, and was sentenced on September 21, 1988. On October 17, 1988, White pleaded guilty to the bank robbery. His sentence, imposed on December 19, is the subject of this appeal. Although the September 21 sentence arose from two offenses, the Guidelines treat it as a single sentence for purposes of computing the appropriate criminal history category. *See* U.S.S.G. § 4A1.2(a)(2) (prior sentences arising from related cases should be treated as one sentence); U.S.S.G. § 4A1.2, comment (n.3) (cases combined for sentencing purposes are related cases). However, the Guidelines also caution:

> there may be instances in which this definition [of related cases] is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated and result in a combined sentence of eight years, counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes. In such circumstances the court should consider whether departure is warranted.

U.S.S.G. § 4A1.2, comment (n. 3). The district court cited this application note in explaining its decision to depart. Reference to the application note is entirely appropriate. Like the example cited in the application note, the September 21, 1988, sentence involved two serious offenses, committed on independent occasions, seven months apart.

The district court also based its upward departure on the grounds that White committed the instant offense while out on bail for the July 13 forgery offense. The court referred to the applicable section of the Guidelines, which provides that if the defendant "committed the instant offense

while on bail or pretrial release for another serious offense," a departure may be warranted to avoid underrepresenting the defendant's criminal history. U.S.S.G. § 4A1.3, policy statement.

We have little difficulty in concluding that both of the district court's justifications for departure were not already adequately considered by the Sentencing Commission in formulating the Guidelines, *see* 18 U.S.C. § 3553(b), since the Sentencing Commission explicitly stated that the cited reasons were appropriate grounds for departure.[1]

We next determine whether the circumstances cited by the district court, even if a proper basis for departure under the Guidelines, had a factual basis in this case. White does not dispute the existence of the consolidated sentence on the charges of forgery and aggravated robbery. White does argue that the presentence report does not disclose when he posted bond. White concludes that this renders the report ambiguous "at best." White, however, points to no evidence in the record indicating that he was not out on bail during the commission of the instant offense. We hold that the trial court was not clearly erroneous in concluding, consistent with the presentence report, that White was out on bail at the time of the instant offense.

Finally, we determine whether the district court's degree of departure from the Guidelines was reasonable. The Sentencing Commission has given us a clear guide in this inquiry, directing that when a trial court departs upward on the basis of criminal history facts, it should

> use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category III significantly underrepresents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely re-

sembles that of most defendants with a Category IV criminal history the court should look to the guideline range specified for a defendant with a Category IV criminal history to guide its departure. U.S.S.G. § 4A1.3, p.s.[2]; *see United States v. Anderson*, 886 F.2d 215, 216 (8th Cir. 1989); *United States v. Jackson*, 883 F.2d 1007, 1009 (11th Cir.1989); *United States v. Cervantes*, 878 F.2d 50, 53–54 (2d Cir. 1989); *United States v. Miller*, 874 F.2d 466, 470–71 (7th Cir.1989); *United States v. Lopez*, 871 F.2d 513, 514–15 (5th Cir. 1989).

The sentencing court closely followed this policy statement when it imposed a term of 46 months on White. Searching for the appropriate criminal history category, the court concluded: "Had the defendant been given three criminal history points for the aggravated robbery, his criminal history category would have been four resulting in the guideline range of 37 to 46 months." We hold that the district court's degree of departure from the Guidelines was reasonable. The order of the district court is AFFIRMED.

---

1. Of course, a sentencing court may also make an upward departure from the Guidelines on the basis of factors that the Commission has not explicitly stated to be appropriate grounds for departure. *See* U.S.S.G. Ch.1, Pt.A, intro. comment.

2. We note that these specific constraints on the district judge's determination of the appropriate degree of departure are not present when the judge departs upward for factors unrelated to criminal history. *See Diaz–Villafane*, 874 F.2d at 51–52.