**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jayson Matthew HARRIS,**
**Defendant–Appellant.**

**No. 89–5113.**

United States Court of Appeals,
Tenth Circuit.

June 21, 1990.

June E. Tyhurst, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Tony M. Graham, U.S. Atty., and Susan W. Pennington, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before LOGAN and BALDOCK, Circuit Judges, and DUMBAULD * District Judge.

LOGAN, Circuit Judge.

The only issues in this appeal concern whether the district court acted properly in sentencing defendant Jayson Harris. After defendant pleaded guilty to aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, the court sentenced him to a four-year term of imprisonment without referencing the Sentencing Guidelines. After *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), we remanded for resentencing under the Guidelines.[1]

Defendant's base offense level calculated under the Guidelines is 10, with criminal history points of 9, placing him in category IV, which sets a Guidelines range of fifteen to twenty-one months. The district court concluded in the following language that the Guidelines did not adequately take into account defendant's past criminal history, and it departed upward to reimpose a forty-eight month sentence:

"Of course; the problem that is presented to the Court in this case is the fact that is rather clear, Mr. Harris, that with seven prior felony convictions and three serious misdemeanor matters you have a long history over the past twenty years of fraud and deception. These various felony convictions involve forgeries of instruments, theft by deception of an

---

* The Honorable Edward Dumbauld, Senior United States District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

automobile, interstate transportation of stolen securities, bogus checks, embezzlement by trustee, and numerous serious misdemeanor offenses that involve dishonesty. And from the Court's review of your criminal history, one of the principal problems that you have been the beneficiary of, is too much leniency in probation directed towards you to this point.

. . . .

The Court at this time determines, and it will be ordered, Mr. Harris, that you will be committed to the custody of the Department—to the Bureau of Prisons, for a period of 48 months. And the reason the Court has decided to go out of the guidelines here is because the Court finds that there are aggravating circumstances that exist to a kind and degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. And as a result of it, the sentence should result in a sentence different than that provided by the guidelines, that is, the fifteen to twenty-one months. And the basic reason for that is, is the guideline range here under represents the Defendant's criminal behavior and likely recidivism, and that an upward departure is warranted. Essentially, because of these prior, past felony convictions I mentioned, seven, along with three serious misdemeanors.

The two guideline definitions serve to understate the Defendant's criminal history. First, convictions resulting in probation that occurred ten years or more before the instant events are not counted. And secondly, the guidelines consider cases related if they are consolidated for the purposes of trial or sentencing. These definitions, the Court concludes, as they relate to this Defendant, Mr. Harris, are overly broad and result in a score that under represents the seriousness of this Defendant's criminal history, and the danger that he represents to the community. For the reasons stated the Court does and intends to depart herein."

I R.Supp. 10–11, 12–13.

■ After the district court's action in the instant case, this court set out a three-part standard of review of sentences departing from the Guidelines. *United States v. White*, 893 F.2d 276, 277–78 (10th Cir.1990). We determine de novo whether the circumstances cited by the district court justify a departure. The court may depart upward only if it finds aggravating circumstances that were not adequately considered by the Sentencing Commission in formulating the Guidelines. *Id.* at 278. Here, the district court stated valid circumstances for upward departure by referencing the very lenient treatment defendant received on many of his offenses, and his high likelihood of recidivism, *see* United States Sentencing Commission, *Guidelines Manual*, § 4A1.3 & comment. at 4.9–4.10 (Nov.1989) (hereinafter *U.S.S.G.*); as well as defendant's prior cases that were consolidated for sentencing, *id.* § 4A1.2 comment. (n.3) at 4.7, and his sentences of parole imposed more than ten years prior to defendant's commencement of the instant offense, *id.* § 4A1.1 comment. (n. 3) at 4.3, these latter two factors resulting in only three of defendant's numerous convictions being used to calculate his criminal history points.

■ We review the district court's finding that the cited circumstances justifying departure actually exist in the instant case under a clearly erroneous standard. *White*, 893 F.2d at 278. Because there is no disagreement with defendant's conviction history as set forth in the presentence report, we must uphold its determination in this respect.

■ Step three is our review of the *degree* of the district court's departure from the Guidelines, which we review under a "reasonableness" standard. 18 U.S.C. § 3742(e)(3); *White*, 893 F.2d at 278. In *White*, we noted that the Sentencing Commission itself had given us "a clear guide," *id.* at 280, by instructing sentencing courts to use, as a reference, the guideline range for a defendant with the criminal history category that the court thinks most closely resembles the seriousness of the defendant's criminal history. *U.S.S.G.*, § 4A1.3, p.s. at 4.9–4.10. The district court does have discretion in this area, of course, and

need only give a reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure. *See United States v. Gardner*, 905 F.2d 1432, 1438 (10th Cir.1990) ("In many instances, this will consist of an extension of or extrapolation from other guideline levels or principles, or use of an analogy to other closely related conduct or circumstances that are addressed by the guidelines.").

[5] In the instant case the district court did not make any comparison to higher criminal history categories. The departure was to sentence to forty-eight months, more than double the twenty-one months that was the maximum under the applicable Guidelines. Despite a long record of nonviolent, nondrug crimes, defendant does not meet the requirements for a career offender under *U.S.S.G.* § 4B1.1, nor as one who engages in a pattern of criminal conduct as a livelihood, *id.* § 4B1.3.

When we give effect to the aim of the Sentencing Guidelines to promote uniformity and proportionality in sentencing, *U.S. S.G.*, Ch. 1, Pt. A, intro. 3 p.s. at 1.2, the requirements in *White* for comparisons with higher criminal history ranges, and the need for the district court to articulate reasons for its *degree* of departure as well as its justification for any departure, in establishing sentences, we hold that we must REVERSE and REMAND for resentencing.