931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haskell Edward JOHNSON, Defendant-Appellant.
 No. 90-6208.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Haskell Edward Johnson appeals from a sentence imposed after he was found guilty of possession of a firearm by one previously convicted of a crime punishable by imprisonment of one year, in violation of 18 U.S.C. Sec. 922(g)(1). At Johnson's sentencing hearing, the court determined that, pursuant to the United States Sentencing Guidelines, Johnson's base offense level was 14. This determination included the court's consideration and subsequent denial of a two-point offense level reduction for acceptance of responsibility. Johnson's criminal history points placed him in criminal history category III. After arriving at an applicable Guideline range of 21 to 27 months, the court then departed upwards from the Guidelines and sentenced Johnson to a prison term of 38 months. The court also imposed three years of supervised release and a special assessment of $50.00.
 
 
 3
 In his appeal from this sentence, Johnson argues that the court erred in upwardly departing from the Guidelines because it used the offense for which he was convicted as one of the bases for the increase in his sentence. This, he asserts, amounted to double-counting the offense. He also argues that the court improperly refused to reduce his offense level by two levels for his acceptance of responsibility in committing the crime. We disagree and affirm.
 
 
 4
 We review the sentencing court's upward departure from the Guidelines under the three-step framework set forth in United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990). In the first step, we examine the circumstances cited by the court and determine whether they justify the upward departure. In the second step, we determine whether those circumstances actually exist in this case.
 
 
 5
 Steps one and two, taken together, constitute our review of the district court's decision to depart from the Guidelines. If the circumstances cited by the court are a proper justification for departure under the Guidelines, and if there is a factual basis for the cited circumstances in the instant case, the decision to depart falls within the statutory authorization for departures and is, therefore, valid.
 
 
 6
 Id. at 278. In the third and final step of our review, we assess whether the court's degree of departure from the Guidelines was reasonable. "[E]ven if the decision to depart is valid ..., the sentence still will be vacated if the degree of departure is unreasonable." Id.
 
 
 7
 Johnson maintains that the sentencing court cited two circumstances on which it based its decision to depart from the Guidelines: first, his lengthy history of criminal violence; and second, his use of a firearm in the offense for which he was being sentenced. He asserts that because the Sentencing Guidelines adequately took into account the second circumstance--the nature of the current offense--that offense could not also be used as a justification for increasing his sentence beyond what the Guidelines recommend. Thus, he concludes, the court failed to meet even the first step of the White test. We agree with Johnson that if a court has relied on an improper ground for deviation from the Guidelines, we must remand because we would have no way of determining whether the upward departure would have occurred absent reliance on the improper ground. United States v. Dean, 908 F.2d 1491, 1496 (10th Cir.1990).
 
 
 8
 Johnson's argument arises in the following context at his sentencing hearing. After initially applying the Guidelines and arriving at the appropriate sentencing range, the court stated: "Frankly, I just don't think the Guidelines adequately consider the criminal history of this defendant." R.Vol. II at 18. The court then enumerated some fifteen crimes for which Johnson had been convicted that were too old to be incorporated into his criminal history score under the Guidelines. The court then stated:
 
 
 9
 You've got an unusually long record of criminal activity, and I just don't think these guidelines adequately reflect that. And I, based on this, I am going to depart upwards from the guidelines, particularly since ... much of your history involves weapons and violence. And this present offense to which you have pled guilty involves weapons; and obviously, that's just an inherent danger to our society.
 
 
 10
 R.Vol. II at 18-19.
 
 
 11
 Johnson argues that this last sentence constitutes use of the current offense as improper justification for the court's upward departure in sentencing, thus mandating a remand. We cannot agree. First, the court's plain language contradicts Johnson's interpretation. When the court states, "[B]ased on this, I am going to depart upwards ...," it is plainly referring to its earlier statement about Johnson's "unusually long record of criminal activity." We agree with the sentencing court that such a record constitutes "reliable information indicat[ing] that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct," United States Sentencing Comm'n, Guidelines Manual, Sec. 4A1.3 (Nov. 1990) (hereinafter U.S.S.G.), thus rendering it an appropriate basis for departure under both the Guidelines and our case law. United States v. Jackson, 921 F.2d 985 (10th Cir.1990) (en banc); see United States v. Whitehead, 912 F.2d 448, 452 (10th Cir.1990).
 
 
 12
 Second, assuming arguendo that the court's phrase, "based on this," refers both to Johnson's lengthy criminal history and to the use of a weapon in his current offense, a further reading of the transcript clarifies the matter. In articulating how it arrived at its degree of departure from the Guidelines, the court leaves no question as to either the ground on which it is wholly basing that departure or its reasonableness. The court specifically enumerates five of the past convictions and assigns to each of them the number of points that would have been appropriate had they been recent enough to be considered under the Guidelines. The court then concludes: "That would make a total of seven additional points that I'm going to take into consideration.... If those had been counted in the criminal history category, that would make the total eleven rather than four, which would ... put you in criminal history five, with guidelines of 33 to 41 months." R.Vol. II at 19. We believe that the sentencing court, in accord with our recent case law, employed a reasonable methodology to justify the upward departure before sentencing Johnson to 38 months. United States v. Jackson, 921 F.2d at 991.
 
 
 13
 We conclude that the court properly fulfilled the three White requirements. First, the court explained that Johnson's long history of criminal convictions rendered the original Guideline sentence inadequate. Second, there was no question as to the fact of Johnson's prior convictions. And finally, by relying on the Guidelines to provide analogous offense levels for the previous convictions, the court properly justified its degree of departure. See United States v. Jackson, 921 F.2d at 993; United States v. White, 893 F.2d at 280. In its detailed explanation of the degree of upward departure, the court in no way relied upon the present offense. Under these circumstances, we believe the court neither erred in its upward departure nor double-counted Johnson's current offense.
 
 
 14
 Johnson also argues that the court improperly refused to reduce his offense level by two levels for his acceptance of responsibility in committing the crime. At the outset, we note that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. Sec. 3E1.1, comment. n. 5. We will only overturn that decision if it is clearly erroneous. 18 U.S.C. Sec. 3742(e) (1991); United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990). "Because of our deference to the trial court's assessment of credibility and the clearly erroneous standard we apply, the judgment of the district court on this issue is nearly always sustained." United States v. Whitehead, 912 F.2d at 451.
 
 
 15
 Whether Johnson should have been granted a two-level adjustment for acceptance of responsibility depends on whether he "clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1(a). Johnson had to carry his burden of proof by a preponderance of the evidence. United States v. Spedalieri, 910 F.2d at 712.
 
 
 16
 Johnson's sentencing hearing began on May 16, 1990, but was continued to May 18th because the court had not received certain letters written on Johnson's behalf which Johnson wanted the judge to consider prior to sentencing. At the May 16th hearing, the court noted that not only was it satisfied that Johnson had not accepted responsibility for the crime at issue but also that it believed Johnson had lied about what he was charged with. Two days later, at the May 18th hearing, the court acknowledged it had received some sort of communication from Johnson in which he admitted his guilt. The court then reaffirmed the sentence previously announced.
 
 
 17
 Johnson's apparently eleventh-hour statement is the only evidence he has offered to demonstrate his acceptance of responsibility. The Commentary to the Guidelines specifically directs that a sentencing authority may appropriately consider "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility" as it weighs whether the two-level reduction should be granted. U.S.S.G. Sec. 3E1.1, comment. n. 1(g). Because Johnson's statement of guilt was untimely and he has offered no other evidence to support his position, we cannot say that the trial court's decision to refuse the two-level reduction was clearly erroneous. See United States v. Wach, 907 F.2d 1038, 1040 (10th Cir.1990); United States v. Pelayo-Munoz, 905 F.2d 1429, 1431 (10th Cir.1990).
 
 
 18
 The decision of the district court is accordingly AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3