968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NITED STATES of America, Plaintiff-Appellee,
v.
Cheryl D. HARRISON, Defendant-Appellant.
 No. 90-3380.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1992.
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and MATSCH, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 MATSCH, District Judge.
 
 
 4
 The single issue on this appeal pursuant to 18 U.S.C. § 3742(b)(3) is whether the district court abused its discretion in making a downward departure in sentencing the defendant on her plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. On November 19, 1990, the district court imposed a sentence of 36 months imprisonment as a departure from the agreed sentencing range of 70-81 months. In making that departure, the court made the following statements at the sentencing hearing:
 
 
 5
 "Criminal history in this case is a significant part of the enhancement of defendant's sentence. Perhaps it's there where I differ with the United States, or makers of the sentencing guidelines. When I went through the capsule of the offenses, it truly is reminding me of--reminder of judgment day when it would appear every offense the person ever committed seems to come to pass and to be accounted for, many of which are misdemeanors: drunk driving, drunk driving, drunk driving, drunk driving, time and again in the course of this defendant's history, each one of which gets two points. Prostitution, and then some others. It is these that seem to me grossly enhance the defendant's sentence.
 
 
 6
 Now I understand in addition when she's looking at three to 10 years in the state court as a part of the other offenses that are not considered here. I think in sum, given that alone, day of reckoning will finally come to this defendant, but seems to me a something in that aggregate is punishment enough for it, or for this offense. Rather than to reassess the presentence calculation or to give credit to some suggested plea bargain or to give points for things that are urged, I believe I will accept the presentence report, which assesses a sentence in the aggregate of 70 to 87 months, but, having said that, to depart from the sentencing guidelines because the assessment of the points are, for the most part, calculated on the extensive findings of Grade 6 criminal history." Tr. p. 11-12.
 
 
 7
 The degree of departure made in this case was from the low end of the guideline range for category VI to a category I sentence.
 
 
 8
 The standard of review in this case is the three step analysis required by United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990), made applicable to downward departures by United States v. Maldonado-Campos, 920 F.2d 714 (10th Cir.1990). U.S.S.G. § 4A1.3 authorizes a departure if the defendant's criminal history is overstated. Under the circumstances described in the presentence report, including the repetitive drunk driving offenses and pending charges in the state court, we hold that the district court's finding that a downward departure is warranted was not clearly erroneous. There is no dispute that the circumstances existed. Accordingly, the first and second steps of the analysis have been satisfied.
 
 
 9
 The difficulty in this case is with step three, requiring this court to review the reasonableness of the degree of departure. In that aspect, the sentence is not reviewable because the district court did not articulate reasons for a sentence of only one-half of the minimum period for confinement required by the application of the sentencing guidelines. Accordingly, as in United States v. Harris, 907 F.2d 121 (10th Cir.1990), the case must be remanded with directions that the sentencing judge expressly articulate reasons for the degree of departure. Accordingly, it is
 
 
 10
 ORDERED that this matter is remanded to the district court to to articulate reasons for the degree of downward departure made in this case. The mandate shall issue immediately.
 
 
 
 *
 The Honorable Richard P. Matsch, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3