16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin HUNT, Defendant-Appellant.
 No. 93-5143.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 
 1
 Defendant Calvin Hunt appeals from his sentence entered pursuant to a guilty plea. We have jurisdiction under 18 U.S.C. 3742(a).
 
 
 2
 Defendant pleaded guilty to one count of use of a false social security number. 42 U.S.C. 408(a)(7)(B). Under the sentencing guidelines, Defendant's criminal history category was II. Five of Defendant's previous criminal sentences were not included in the calculation of his criminal history category because they were outside the applicable time period. See U.S.S.G. 4A1.2(e) (sentences of imprisonment exceeding one year and one month not counted unless imposed within fifteen years of instant offense; all other sentences not counted unless imposed within ten years of instant offense). These sentences reflected convictions for burglary, theft of mail, assault with intent to kill, driving under the influence, and petty theft. At sentencing, the district court determined that an upward departure was appropriate because the criminal history category did not adequately reflect the seriousness of Defendant's past criminal conduct. As a result, the court considered Defendant's five prior excluded sentences in sentencing Defendant to thirty months imprisonment.
 
 
 3
 On appeal, Defendant claims that the district court's procedure for departing upward was improper because the court failed to find that Defendant's prior sentences reflected convictions for "serious dissimilar criminal conduct." Defendant also claims that the court erroneously sentenced him as a career offender. We review de novo whether the circumstances cited by the district court justify a departure from the guidelines, United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990), and we affirm.
 
 
 4
 Subsection (a) of U.S.S.G. 4A1.3 provides that departure may be warranted if a prior sentence that is not used in computing criminal history indicates that a defendant's criminal history does not adequately reflect the seriousness of defendant's past criminal conduct or likelihood that he will commit other crimes. Furthermore, application note 8 to U.S.S.G. 4A1.2 specifically provides that a court can depart upward based on a prior sentence imposed outside the applicable time period if it finds that the sentence is evidence of similar or serious dissimilar criminal conduct.
 
 
 5
 We conclude that the district court adequately identified the circumstances warranting departure. The record makes clear that the district court determined that a criminal history of II underrepresented the seriousness of Defendant's past criminal conduct, given the prior sentences for three felonies and two misdemeanors. The presentence report, which the district court adopted and to which Defendant had no objections, also concluded that Defendant's record indicates that he is likely to reoffend and is prone to violence. That the court did not recite the words "serious dissimilar criminal conduct," in departing upward due to Defendant's uncounted prior sentences, does not render the court's departure improper. The seriousness of Defendant's uncounted criminal conduct, which includes, inter alia, burglary, theft of mail, and assault with intent to kill, is apparent, and the court's departure based on these prior convictions was appropriate.[2] AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 We also reject Defendant's claim that the court erroneously sentenced him as a career offender. Although the court analogized Defendant's conduct as like that of a career offender, the record makes clear that the court did not sentence him as a career offender under U.S.S.G. 4B1.1