39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard SCHOCK, Defendant-Appellant.
 No. 94-3206.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Richard Schock appeals his 84-month sentence for interfering with commerce by robbery, 18 U.S.C.1951. He contends that the district court unreasonably departed upward 13 months from the prescribed guideline range of 57 to 71 months. We affirm.
 
 
 3
 On March 7, 1994, Mr. Schock entered a plea of guilty to all eighteen counts of an indictment charging violations of 18 U.S.C.1951, i.e., eighteen separate armed robberies. A presentence report was prepared by the United States Probation Office which calculated a total offense level of 25 and a criminal history category I under the United States Sentencing Commission, Guidelines Manual. Using these computations the guideline range of imprisonment is 57 to 71 months.
 
 
 4
 The presentence report suggested to the district court that there was a factor that could warrant upward departure. This recommendation was based on the fact that Mr. Schock had been convicted of eighteen robberies and USSG 3D1.4 only provides for a maximum 5 level increase which, in this case, would be achieved by accounting for only five of the eighteen robberies.
 
 
 5
 The commentary to 3D1.4 recognizes that the maximum 5 level increase may be inadequate under certain circumstances in that in the case of numerous offenses only a portion of the conduct will be considered. The commentary states in pertinent part,
 
 
 6
 Situations in which there will be inadequate scope for ensuring appropriate additional punishment for the additional crimes are likely to be unusual and can be handled by departure from the guidelines.
 
 
 7
 USSG 3D1.4, comment.
 
 
 8
 The district court, citing the commentary to 3D1.4, found that this was a case where criminal conduct ignored under the guidelines calculation warranted additional punishment. The court then departed upward 13 months from the guideline range--effectively moving from offense level 25 to level 27, history category I. The court analogized its 13 month departure to a one month increase for each of the armed robberies unaccounted for in the guideline's calculation. R. Vol. II at 7. Mr. Schock in essence calls this approach to the degree of departure standardless, and the result lacking in any potential for uniformity.
 
 
 9
 We review a sentencing court's upward departure in three steps. United States v. Tisdale, 7 F.3d 957, 961 (10th Cir.1993); United States v. Flinn, 987 F.2d 1497, 1500 (10th Cir.1993); United States v. St. Julian, 966 F.2d 564, 567 (10th Cir.), cert. denied sub nom, 113 S.Ct. 348 (1992); United States v. White, 893 F.2d 276, 277 (10th Cir.1990). First, we determine whether the circumstances cited by the district court warrant a departure from the guidelines as a matter of law. White, 893 F.2d at 277. Second, we review the court's factual determinations underlying the asserted justification for departure to determine if they are supported by the record. Id. at 278. Third, we determine whether the degree of departure is reasonable. Id.; see 18 U.S.C. 3742(e)(3). Only the third step is challenged in this appeal.
 
 
 10
 In determining whether the degree of departure is unreasonable we consider the following:
 
 
 11
 "[T]he district court's proffered justifications, as well as such factors as ... the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, and the need to avoid unwarranted sentencing disparities."
 
 
 12
 United States v. Jackson, 921 F.2d 985, 989 (10th Cir.1990) (en banc) (quoting White, 893 F.2d at 278) (citing 18 U.S.C. 3742(e)(3); 18 U.S.C. 3553(a)). We have recognized that ordinarily a district court must "premise its departure on the guidelines' deficiency in assigning a defendant a particular offense level, criminal history category, or both, [and] also must explain a departure sentence in these terms." Jackson, 921 F.2d at 990.
 
 
 13
 The 13-month increase in this case, calculated by assigning one month to each of the thirteen armed robberies not accounted for in the guidelines, obviously is not explained in terms of incremental guideline offense levels or criminal history. However, as the district court aptly observed, the guidelines actually hinder that approach. For purposes of calculating a combined offense level, USSG 3D1.4 assigns fixed numerical scores and offense level increases up to a maximum increase of 5 levels. The commentary then recognizes that a departure upward from the maximum of 5 may be necessary in some cases to insure an appropriate punishment. However, the departure calculation obviously cannot be based on an uninterrupted application of the same scoring method used to set a maximum, and no guidance is given for the use of any other method. Creative (and subjective) alternatives such as comparing hypothetical criminal history points under USSG 4A1.1 to Schock's thirteen additional armed robberies, or some arbitrarily different multiple of "units" to offense level increases under 3D1.4 (e.g., a 3 to 1 ratio) would exalt form over substance and probably result in a departure significantly greater than that chosen by the district court.
 
 
 14
 In Williams v. United States, 112 S.Ct. 1112, 1120 (1992), the Supreme Court emphasized the fact that the appellate review of sentences permitted by the Sentencing Reform Act is limited and does not "alter a court of appeals' traditional deference to a district court's exercise of its sentencing discretion." Williams, 112 S.Ct. at 1121. The Court went on to say:
 
 
 15
 The development of the guideline sentencing regime has not changed our view that, except to the extent specifically directed by statute, "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence."
 
 
 16
 (quoting Solem v. Helm, 463 U.S. 277, 290 n. 16 (1983)). See Tisdale, 7 F.3d at 957.
 
 
 17
 There is no justification in this case for us to interfere with the district court's sentencing discretion. In the exercise of our appellate review under 18 U.S.C. 3742(f)(2), we hold that the sentence imposed by the district court is not unreasonable.
 
 
 18
 Accordingly, for the reasons stated above, the sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470