67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vincenzo Anthony DEBARI, Defendant-Appellant.
 No. 95-1069.
 United States Court of Appeals, Tenth Circuit.
 Oct. 4, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.[2]
 
 
 1
 Defendant Vincenzo Anthony Debari appeals from an order of the district court revoking his probation and sentencing him to twenty-seven months of imprisonment and three years of supervised release. After review under the standards set forth in United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990), we affirm.
 
 
 2
 The parties to this case are familiar with defendant's criminal history and the circumstances underlying his resentencing. We will not repeat those facts here. On appeal, defendant argues that the district court acted unreasonably in departing upward from the applicable guideline range and sentencing him to a twenty-seven month prison term. Specifically, defendant contends that the court's proffered reasons for the upward departure were inadequate, and that the court failed to provide a precise explanation of the sentence. We disagree.
 
 
 3
 In August 1994, Defendant pled guilty to uttering a false statement in the acquisition of a firearm in violation of 18 U.S.C. 922(a)(6). Despite the fact that the appropriate sentencing range under the facts of his case was twenty-seven to thirty-three months, defendant was sentenced to a term of five years of probation, a sentence the district court itself later described as "astonishingly lenient." II R. 63.
 
 
 4
 In January 1995, defendant was again before the district court on charges that he had violated his probation by forcibly assaulting and intimidating his probation officer in violation of 18 U.S.C. 111(a)(1). This time the district court imposed the minimum sentence available for the underlying offense. In so doing, the court explained that the upward departure was "for purposes of discouraging this conduct and really to correct what I view as an error on my part in granting lenient treatment to Mr. DeBari." II R. 66. The judge explained that the twenty-seven month sentence was chosen because that was "the minimum of the original guideline range to which you could have been sentenced had I not departed. And I would have been required to impose that sentence had I not departed." Id. at 67.
 
 
 5
 Defendant's argument that deterrence and the court's interest in just punishment are not the "proffered justifications" for upward departure required by White, 893 F.2d at 278, is meritless. Additionally, the judge's explanation that, pursuant to Application Note 4 to Section 7B1.4 of the Sentencing Guidelines, he was imposing the minimum sentence available under the original conviction is the "precise explanation" for the degree of departure mandated by United States v. Yates, 22 F.3d 981, 990 (10th Cir.1994).
 
 
 6
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument