69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles J. BAZARIAN, Defendant-Appellant.
 No. 94-6263.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 Before MOORE, HENRY, and BRISCOE, Circuit Judges.
 John Porfilio MOORE, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 Charles J. Bazarian appeals his sentence imposed under the United States Sentencing Guidelines after he pled guilty to charges relating to false statements, mail fraud, securities fraud, money laundering, and escape. Mr. Bazarian claims (1) the district court improperly adjusted his base offense level upward for obstruction of justice, (2) the court's upward departure from his criminal history level was legally and factually in error, and (3) the imposed sentence violated the Eighth Amendment's protection against cruel and unusual punishment. Concluding the district court committed no error, we affirm.
 
 
 2
 Because the parties are well acquainted with the facts, we will not repeat them here except to summarize two relevant events. First, Mr. Bazarian was convicted on two separate informations prior to the instant case, one originating in California, and the other in Oklahoma. The cases were consolidated for sentencing purposes. Second, Mr. Bazarian seized an opportunity to escape to Puerto Rico while he was on a 24-hour pass from custody, leaving the country to avoid indictment for the case on appeal. After an extensive manhunt, Mr. Bazarian was returned to custody and ultimately indicted for his fraudulent business activities.
 
 
 3
 Mr. Bazarian pled guilty on March 4, 1994, and received concurrent sentences amounting to 175 months' confinement. At sentencing, the district court added a two-level upward adjustment for obstruction of justice based on Mr. Bazarian's flight to Puerto Rico. The court also concluded that his two prior convictions, consolidated for sentencing, were actually unrelated cases. Consequently, the court departed upward from the sentencing guidelines when assessing Mr. Bazarian's criminal history points to more accurately reflect his criminal conduct.
 
 
 4
 Mr. Bazarian first challenges the district court's two-level upward adjustment for obstruction of justice. He insists that because his escape occurred six weeks before his indictment, he was simply "fleeing from arrest" rather than "escaping from custody," and should not have been burdened with the obstruction enhancement. Further, Mr. Bazarian argues his escape did not actually obstruct justice because it did not prevent the government from continuing with its investigation and indictment. Finally, Mr. Bazarian claims the enhancement was imposed without the district court's finding his conduct willful, or undertaken with the purpose of obstructing justice. We disagree.
 
 
 5
 We review the district court's factual findings under a clearly erroneous standard and its legal conclusions de novo. United States v. Rowlett, 23 F.3d 300, 303 (10th Cir.1994). Application of the sentencing guidelines to the facts of a particular case is entitled to due deference. Id.
 
 
 6
 Section 3C1.1 of the United States Sentencing Guidelines provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." The guideline commentary furnishes a non-exhaustive list of examples that trigger the enhancement, including "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. 3C1.1, comment. (n.3(e)). The guideline commentary also explains "avoiding or fleeing from arrest" does not warrant an enhancement. U.S.S.G. 3C1.1, comment. (n.4(d)).
 
 
 7
 The plain language of the guideline indicates that an obstruction of justice can occur prior to indictment. U.S.S.G. 3C1.1 states a defendant may impede the administration of justice "during the investigation, prosecution or sentencing" of the offense ultimately charged. "[T]he significant factor is not the mere timing of the obstruction but rather whether the defendant attempted to obstruct the administration of justice with respect to the investigation ... of the offense of conviction." United States v. Gacnik, 50 F.3d 848, 853 (10th Cir.1995) (quoting United States v. Barry, 938 F.2d 1327, 1334 (D.C.Cir.1991) (emphasis in original)). All that is required is a nexus between the obstructive behavior and the crime of conviction. Gacnik, 50 F.3d at 852.
 
 
 8
 There is a nexus between Mr. Bazarian's escape and the offense of conviction. Mr. Bazarian knew that he was the subject of a criminal investigation. He confirmed at sentencing he left the country specifically to avoid indictment. The government devoted considerable time and resources to Mr. Bazarian's recapture, putting their ongoing investigation at a standstill. Although the guidelines only require an attempt to obstruct justice, Mr. Bazarian succeeded, at least temporarily, in his efforts to thwart the government's investigation.
 
 
 9
 Although we recognize a distinction between "escape from custody" and "flight from arrest" under 3C1.1, we do not look simply to whether the obstructive act took place prior to arrest when making the distinction. Rather, we focus on whether the getaway occurred some time after the commission of the crime or during its immediate aftermath. In this regard, we agree with the Ninth Circuit and characterize "fleeing arrest" as an instinctual act occurring in the immediate aftermath of a crime. United States v. Mondello, 927 F.2d 1463, 1466 (9th Cir.1991). In contrast, Mr. Bazarian fled from authorities long after he committed his crimes. Therefore, he was impeding justice within the meaning of U.S.S.G. 3C1.1, and the district court properly enhanced his sentence.
 
 
 10
 Mr. Bazarian also appeals the district court's upward departure in calculating his criminal history category. The district court determined that two of Mr. Bazarian's prior convictions, consolidated for sentencing, were actually unrelated cases. Thus, because appraising them together would underrepresent Mr. Bazarian's criminal history, the court added three criminal history points for the conviction that had previously been assessed no points.
 
 
 11
 In reviewing departures, this court uses a three-part analysis. United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990). First is a de novo review of whether the circumstances cited by the district court justify a departure. We must determine whether the district court's justification for departure was proper as a matter of law. Second is a clearly erroneous review of the factual determinations underlying the decision to depart. Finally, the court reviews the reasonableness of the degree of departure. Id. at 277-78. Mr. Bazarian challenges his sentence based on the first two parts of the White analysis.
 
 
 12
 The circumstances cited by the district court and the guidelines justify a departure in this case. The guidelines caution that when sentences are treated as related because they were consolidated for sentencing, it may "result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public.... In such circumstances, an upward departure may be warranted." U.S.S.G. 4A1.2, comment. (n.3).
 
 
 13
 The district court is permitted considerable discretion in appraising a defendant's criminal history and deciding whether to depart from the guidelines. United States v. Jackson, 921 F.2d 985, 991 (10th Cir.1990). "The controlling decision as to whether and to what extent departure is warranted can only be made by the courts." U.S.S.G. 5K2.0, p.s. Further, the sentencing commission invites departure in those circumstances where the court, in its discretion, determines that the defendant's criminal history is underrepresented. This is precisely the justification that the district court articulated. Thus, the first step of White is satisfied.
 
 
 14
 White next requires review of the factual basis that the district court relied on to justify departure. The district court's findings are accepted unless clearly erroneous. 893 F.2d at 278.
 
 
 15
 We find no error in the district court's concluding Mr. Bazarian's two prior convictions were unrelated offenses. The crimes occurred in different states, transpired over different time-periods, employed different shell corporations, and victimized different individuals. The only features shared by both crimes are their fraudulent motives and their sentencing dates. Therefore, we find no error with the district court's departure.
 
 
 16
 Finally, Mr. Bazarian argues his sentence is disproportionate to the gravity of his offense and constitutes cruel and unusual punishment in violation of the Eighth Amendment. Constitutional issues arising from sentencing are reviewed de novo. United States v. Angulo-Lopez, 7 F.3d 1506 (10th Cir.1993), cert. denied, 114 S.Ct. 1563 (1994).
 
 
 17
 We review potential Eighth Amendment violations using the three-part proportionality test outlined in Solem v. Helm, 463 U.S. 277 (1983). In Solem, the Supreme Court held that the objective factors for examining the punishment in question include (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. Id. at 290-91. Mr. Bazarian concedes sentencing under the guidelines satisfies the second and third elements of Solem. He challenges only the first factor in his appeal.
 
 
 18
 Mr. Bazarian submits his crimes were essentially of a financial nature and did not involve drugs or violence. He also claims that his punishment is essentially a life sentence because he is fifty-five years old and in ill health. Consequently, his sentence is grossly disproportionate to the gravity of his crime.
 
 
 19
 Within the limits of the Eighth Amendment, the determination of criminal penalties is a matter for the legislature. United States v. Gourley, 835 F.2d 249, 252-53 (10th Cir.1987), cert. denied, 486 U.S. 1010 (1988). Therefore, a sentence within the prescribed statutory limits will not be found to be cruel and unusual. Id. See also United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir.1993); United States v. Newsome, 898 F.2d 119, 122 (10th Cir.), cert denied, 498 U.S. 877 (1990). Mr. Bazarian's sentence is within the statutory range of punishment and within the proper guideline range. Further, "[a] sentence of imprisonment for a very long term of years, the effect of which is to deny a prisoner eligibility for parole until a time beyond his life expectancy, does not violate the Eighth Amendment...." United States v. O'Driscoll, 761 F.2d 589, 599 (10th Cir.1985), cert denied, 475 U.S. 1020 (1986). Although Mr. Bazarian's sentence is admittedly harsh, it does not violate the Eighth Amendment.
 
 
 20
 The district court properly applied the sentencing guidelines. Therefore, the district court's order is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470