70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Eugene JOLLEY, Defendant-Appellant.
 No. 94-7176.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1995.
 
 E.D. Oklahoma, D.C. No. CR-94-8.
 E.D.Okl.
 AFFIRMED.
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Jerry Eugene Jolley pled guilty to interstate travel to promote a drug enterprise in violation of 18 U.S.C. 1952(a)(3) and conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846. The district court departed upward for reckless endangerment of five persons, USSG Sec. 3C1.2, comment. (n. 6), and sentenced Jolley to concurrent imprisonment terms of sixty months and sixty-three months on the two counts of conviction. Mr. Jolley appeals the court's upward departure. His counsel has filed an Anders brief and a motion to withdraw. We affirm and grant counsel's motion.
 
 
 3
 In reviewing a district court's decision to depart upward, we employ a three step review process. United States v. Kelly, 1 F.3d 1137, 1139 (10th Cir.1993) (citing United States v. White, 893 F.2d 276, 277 (10th Cir.1990), and noting that this approach is consistent with Williams v. United States, 503 U.S. 193, 201-03 (1992)). First, we review de novo the circumstances cited by the district court to determine if they warrant departure; next we review the district court's underlying factual determinations for clear error; and finally we review the degree of departure for reasonableness. Id.; United States v. Jackson, 903 F.2d 1313, 1316-17 (10th Cir.1990).
 
 
 4
 Guideline Sec. 3C1.2 provides for a two-level adjustment "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Application Note 6 further provides that an upward departure may be warranted if "the conduct posed a substantial risk of death or bodily injury to more than one person."
 
 
 5
 The uncontroverted evidence showed that Jolley deliberately banked into the path of a U.S. Customs Service helicopter with five persons aboard. Faced with imminent collision, the helicopter pilot had to make an immediate, emergency change in course. Citing that evidence, the court reasoned that the guideline adjustment for endangering "another person (singular)" did not adequately cover the situation in which five persons were imperiled, and therefore the court departed upward by one level. Appellant's App., Tab C at 4-5.
 
 
 6
 After a careful review of the record, we conclude that the district court did not err in applying the procedures for imposing an upward departure sentence, or in the sentence imposed.
 
 
 7
 The sentence is AFFIRMED. Counsel's motion to withdraw is GRANTED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470