72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jack David COX, Defendant-Appellant.
 No. 94-5215.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1995.
 
 Before EBEL, HOLLOWAY and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Mr. Cox was convicted of eight counts of extortion affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C.1951, which provides punishment for anyone who affects interestate commerce by robbery or extortion. 18 U.S.C.1951(a). At the sentencing hearing, the trial judge departed upward from the Sentencing Guidelines ("Guidelines") and imposed a term of 300 months imprisonment. Mr. Cox appeals his conviction and sentence on the following grounds: (1) improper admission of a prior bad act, Fed.R.Evid. 404(b); (2) unjustifiable upward departure from the Guidelines; and (3) the unconstitutionality of the Hobbs Act. The parties are familiar with the facts and we need not restate them here.
 
 A.
 
 2
 Fed.R.Evid. 404(b) governs the admissibility of evidence of prior acts of the defendant. The trial court has broad discretion in making admissibility determinations under Rule 404(b) and we review such a determination for abuse of discretion. United States v. Patterson, 20 F.3d 809, 814 (10th Cir.), cert. denied, 115 S.Ct. 128 (1994). Evidence of prior acts is not admissible under Rule 404(b) to prove the character of the defendant but may be admitted to show motive, opportunity, intent, preparation, plan, knowledge or identity if the defendant against whom it is offered is protected from unfair prejudice. Huddleston v. United States, 485 U.S. 681, 691 (1988); Patterson, 20 F.3d at 813.
 
 
 3
 In accordance with the test outlined in Huddleston, the evidence in this case was relevant and offered and admitted for a proper purpose--determining the identity of the perpetrator, a key issue in the case because none of the victims saw the extortionist. The court weighed the probative value against the potential for unfair prejudice. See I R. Doc. 33, 2-3 (Findings of Fact and Conclusions of Law Re: Extrinsic Offense Evidence ). Mr. Cox was convicted of an extortionate act in Texas in 1988. Although the court excluded evidence of the conviction itself, it allowed testimony concerning the extortion. The court noted that the prior act and the crimes charged shared sufficient similarities. The prior extortion occurred by phone; involved a male with a raspy voice; targeted stores of retail chains; occurred at night; and involved profanity and threats of violence. See VII R. 87. Finally, the court gave a limiting instruction before the evidence was presented to the jury. Id. 84-85. The trial court did not abuse its discretion in admitting evidence of prior similar acts pursuant to Rule 404(b) but rather adhered to the requirements of Huddleston to ensure that Mr. Cox was not unfairly prejudiced.
 
 B.
 
 4
 Review of a departure from the Guidelines entails a three-step process, for each of which we employ a different standard of review. United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990); cf. Williams v. United States, 503 U.S. 193, 201-203 (1992). First, we review de novo the circumstances cited by the district court to justify a departure from the Guidelines; second, the underlying factual determinations for clear error, 18 U.S.C. 3742(d); and finally, the reasonableness of the degree of departure from the Guidelines, 18 U.S.C. 3742(e)(3). White, 893 F.2d at 277-78.
 
 
 5
 Mr. Cox challenges both the court's justifications and the reasonableness of its departure. Aplt. Br. 13-16. The district court justified the upward departure on the belief that Mr. Cox's criminal history category score and criminal history inadequately reflected the seriousness of Mr. Cox's criminal past or the likelihood that Mr. Cox would continue to engage in criminal activity. VIII R. 13-14; see also Aplt. Br. 14. In determining Mr. Cox's sentence, the trial court considered many of Mr. Cox's previous convictions dating from 1956 to 1969. VIII R. 14; Aplt. Br. 14. The trial judge considered the likelihood of continued criminal conduct, pointed to the unlikely prospect of rehabilitation, weighed the type and seriousness of Mr. Cox's prior convictions and noted that Mr. Cox committed the crimes with which he was presently charged while on parole. VIII R. 13-15. We have little difficulty in concluding that the sentencing court adequately articulated the circumstances for departure.
 
 
 6
 We next determine whether the justification cited by the court for departure had a sufficient factual basis. White, 893 F.2d at 280. Mr. Cox points to no evidence in the record that suggests inaccuracies in the court's assessment of his prior convictions or indicates clear error in the court's determination of the similarity or seriousness of Mr. Cox's prior criminal conduct. Thus, the district court did not clearly err in its reliance on these convictions. See id.
 
 
 7
 Finally, we must review the reasonableness of the court's departure. See 18 U.S.C. 3742(e)(3); White, 893 F.2d at 280. To assess whether the degree of departure is reasonable, we must consider the justifications for departure and, among other factors, the seriousness of the offense; the need for deterrence; public protection; and the need to avoid sentencing disparities. White, 893 F.2d at 278.
 
 
 8
 In this case, Mr. Cox was designated a career offender which automatically placed him in Category VI. Departures beyond Category VI are reserved for those with "an egregious, serious criminal record...." United States v. Jackson, 921 F.2d 985, 992 (10th Cir.1990). Based on an offense level 32 and a criminal history Category VI, Mr. Cox's guideline range was 210 to 262 months' incarceration. II R. 22. The court believed that this range significantly underrepresented Mr. Cox's criminal history and potential for future involvement with crime, VIII R. 14, and assigned criminal history points to several offenses falling outside the time limitations of U.S.S.G. 4A1.2, as allowed by U.S.S.G. 4A1.2, comment (n.8). See VIII R. 14. Factoring in Mr. Cox's older criminal convictions, the probation officer noted in the Presentence Report ("PSR") that Mr. Cox's final guideline range would be 341 to 425 months' incarceration. II R. 25. In light of Mr. Cox's extensive and serious criminal past and his recidivism, together with the relevant guideline ranges discussed by the court and in the PSR, we cannot say that the degree of departure from the Guidelines was unreasonable.
 
 C.
 
 9
 Finally, Mr. Cox challenges the constitutionality of the Hobbs Act in light of the United States Supreme Court's recent decision in United States v. Lopez, 115 S.Ct. 1624 (1995). However, we need not address Mr. Cox's constitutional challenge because he concedes its outcome is controlled by this court's decision in United States v. Bolton, 68 F.3d 396 (10th Cir.1995), which rejects the claim.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)